JONES v BITNER

Docket No. 310056. Submitted February 8, 2013, at Lansing. Decided
    March 21, 2013, at 9:00 a.m.

> Ricky L. Jones, personal representative of the estate of Ava A.
> Jones, deceased, brought an action in the Chippewa Circuit
> Court against Elaine Bitner, an employee of the Michigan State
> Police, alleging, in part, that defendant violated the provisions
> of the Child Protection Law that impose a duty on certain listed
> professionals to report suspected child abuse or neglect and
> that, as a direct and proximate result of the breach, decedent
> died. Plaintiff also alleged gross negligence by defendant. De-
> fendant moved for summary disposition, arguing that she did
> not have reasonable cause to suspect child abuse or neglect, so
> there was no duty to report. Plaintiff further argued that, even
> if she had a duty to report, governmental immunity was a
> defense to the claim because she had not been grossly negligent
> and her failure to report was not "the" proximate cause of
> decedent's death. The court, Nicholas J. Lambros, J., denied the
> motion on the basis that a jury could find from the facts alleged
> that defendant had reasonable cause to believe that the child
> was neglected, thus triggering defendant's duty to report. The
> court also determined that the governmental immunity statute,
> MCL 691.1407, did not provide a defense to plaintiff's claim
> because defendant had a statutory duty to report possible
> neglect. The court concluded that plaintiff's claim was subject
> to the "damages proximately caused by" standard of MCL
> 722.633(1), not the stricter "the proximate cause" standard of
> MCL 691.1407(2)(c). Defendant appealed.

> The Court of Appeals *held*:

> 1. The mandatory reporting provision of the Child Protection
> Law, MCL 722.623, does not abrogate the governmental immunity
> statute, MCL 691.1407. While the mandatory reporting provision
> imposes liability when an individual named in the statute fails to
> report suspected abuse or neglect, that liability is limited by
> governmental immunity.

> 2. Under the current governmental immunity law applicable
> to individual lower-ranking governmental employees, courts

should follow a three-part test when, as in this case, the plaintiff has pleaded a negligent tort. When a plaintiff pleads a negligent tort, the court should proceed under MCL 691.1407(2) and determine if the individual caused an injury or damage while acting in the course of employment or service or on behalf of his or her governmental employer and whether (a) the individual was acting or reasonably believed that he or she was acting within the scope of his or her authority, (b) the governmental agency was engaged in the exercise or discharge of a governmental function, and (c) the individual's conduct amounted to gross negligence that was the proximate cause of the injury or damage. The phrase "the proximate cause" means the one most immediate, efficient, and direct cause of the plaintiff's injuries.

3. The Legislature may create exceptions to the general statutory rule of governmental immunity for individual governmental employees either within the governmental tort liability act or in another act.

4. The mandatory reporting statute does not provide an exception to the general statutory rule of governmental immunity for individual governmental employees. The more recently enacted governmental immunity statute, being more recent and more specific than the mandatory reporting statute, has precedence.

5. The reporting statute must be read in conjunction with, and is therefore limited by, the governmental immunity statute. Therefore, in order for defendant to be liable under the mandatory reporting statute, her conduct must have been both grossly negligent and the proximate cause of decedent's death.

6. It appears from the limited record that only the acts or omissions of decedent's mother were the proximate cause of decedent's death. Defendant's alleged failure to report could not have been the proximate cause of decedent's death. Plaintiff's claim is barred by immunity granted by law. However, because plaintiff seeks the opportunity to amend the complaint to plead specific allegations of gross negligence and proximate cause and discovery has not occurred and because the trial court did not have the opportunity to rule on these issues, the matter was remanded to provide plaintiff the opportunity to seek leave to amend the complaint in the trial court.

Reversed and remanded.

1. TORTS — NEGLIGENCE — GOVERNMENTAL IMMUNITY.

Courts should follow a three-part test when a plaintiff has pleaded that a lower-ranking governmental employee has committed a negligent tort and the defendant claims governmental immu-

nity; courts should determine if the individual caused an injury or damage while acting in the course of employment or service on behalf of a governmental employer and whether (1) the individual was acting or reasonably believed that he or she was acting within the scope of his or her authority, (2) the governmental agency was engaged in the exercise or discharge of a governmental function, and (3) the individual's conduct amounted to gross negligence that was the proximate cause of the injury or damage; "the proximate cause" means the one most immediate, efficient, and direct cause of the plaintiff's injuries (MCL 691.1407[2]).

2. TORTS — GOVERNMENTAL IMMUNITY — EXCEPTIONS TO GOVERNMENTAL IMMUNITY.

Although the governmental immunity act proclaims that it contains all the exceptions to governmental immunity, the Legislature may create additional exceptions either within the act or in another act (MCL 691.1401 *et seq.*).

3. CONFLICT OF LAWS — CHILD PROTECTION LAW — GOVERNMENTAL TORT LIABILITY ACT.

The mandatory reporting provision of the Child Protection Law does not abrogate the governmental immunity act; while the mandatory reporting provision imposes liability when an individual named in the statute fails to report suspected abuse or neglect, that liability is limited by governmental immunity (MCL 691.1407; MCL 722.623).

*J. Nicholas Bostic*, for plaintiff.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Mark E. Donnelly*, Assistant Attorney General, for defendant.

Before: K. F. KELLY, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM. Defendant appeals as of right an order denying her motion for summary disposition pursuant to MCR 2.116(C)(7) (governmental immunity) and (8)

(failure to state claim).[1] We conclude that the mandatory reporting provision of the Child Protection Law (CPL), MCL 722.623, does not abrogate the governmental immunity statute, MCL 691.1407. While the mandatory reporting provision imposes liability when an individual named in the statute fails to report suspected abuse or neglect, that liability is limited by governmental immunity. Therefore, we reverse the order of the trial court and remand for further proceedings in order to afford plaintiff an opportunity to seek leave to amend the complaint.

### I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff is the personal representative of the estate of Ava Annmarie Jones, deceased. Defendant was employed by the Michigan State Police. The complaint against defendant alleged, in relevant part:

5. Ava Annmarie Jones died as a result of the following facts:

a. Kelly Ann Jones is the mother to Ava Annmarie Jones.

b. On or about December 7, 2008, Kelly Ann Jones had morphine pills in her possession and in the residence she shared with the decedent.

c. On or about December 7, 2008, Kelly Ann Jones negligently allowed the decedent to have access to or deliberately provided morphine pills to the decedent.

d. On or about December 7, 2008, the decedent was 2 years 8 months old.

e. On the morning of December 8, 2008, the decedent was found by Kelly Ann Jones to be unresponsive and not breathing.

---

[1] The initial order indicated that defendant's motion was denied pursuant to MCR 2.116(C)(8), but the parties later stipulated amending the order to clarify that defendant's motion was denied pursuant to MCR 2.116(C)(7) as well.

f. Emergency medical care was rendered to the decedent on December 8, 2008 but she was pronounced dead by the local medical examiner.

g. An autopsy revealed levels of morphine in the decedent which were lethal and described as the mechanism of her death.

6. Defendant owed the decedent a duty to use due care.

7. Defendant violated that duty in the following manner:

a. In October, 2008, members of the Straights [sic] Area Narcotics Enforcement Team (SANE) used an informant, Devon Ollie Johnson-Backus (Backus), to purchase morphine from Kelly Ann Jones.

b. During October and November of 2008, Defendant and other members of SANE were aware that during purchases of morphine by Backus from Kelly Jones that the decedent was present during the exchange.

c. Defendant and other members of SANE directed and caused the purchase of the morphine pills from Kelly Jones by Backus.

Plaintiff alleged that defendant violated the "mandatory reporting provisions" of MCL 722.623, which require a law-enforcement officer to report suspected child abuse or neglect. Plaintiff specifically alleged:

8. As a direct and proximate result of the breach by Defendant, the decedent died.

9. The conduct of Defendant Bitner and other members of SANE were grossly negligent and demonstrated a substantial lack of concern for whether the decedent was injured or died because:

a. Defendant Bitner and other members of SANE were motivated by their desire to obtain another successful prosecution of decedent's mother;

b. Defendant Bitner and other members of SANE were motivated by a desire to protect the identity of their confidential information [sic];

c. Defendant Bitner and other members of SANE were aware that morphine was a dangerous, scheduled controlled substance;

d. Defendant Bitner and other members of SANE were aware of the age and helplessness of the decedent;

e. Defendant Bitner and other members of SANE were aware of the mother-daughter relationship between Kelly Jones and the decedent and the decedent's dependency on Kelly Jones;

f. Defendant Bitner and other members of SANE were aware of the specific strength and quality of the pills possessed and sold by Kelly Jones;

g. Upon information and belief, Defendant Bitner and other members of SANE knew or should have known of their obligation to report based upon their previous and subsequent reports of drug dealers to Children's Protective Services and policy;

h. Defendant Bitner and other members of SANE knew or should have known that the pills were potentially lethal if ingested by decedent.

Defendant moved for summary disposition.[2] Defendant argued that she did not have "reasonable cause to suspect child abuse or neglect," so there was no corresponding duty to report. Defendant further argued that, even if she had a duty to report, governmental immunity was a defense to plaintiff's claim because she was not grossly negligent and her failure to report was not *the* proximate cause of decedent's death.

In response, plaintiff argued that his complaint alleged both common-law gross negligence and negligence per se. Plaintiff argued that knowingly allowing a young child to remain in such a home environment showed

---

[2] Although the motion requested summary disposition pursuant to MCR 2.116(C)(8), the argument was really for summary disposition based on immunity, which should have been brought pursuant to MCR 2.116(C)(7).

reckless and callous behavior. Plaintiff also argued that defendant was negligent per se and violated her duty to report.

The trial court denied defendant's motion for summary disposition. On the basis of plaintiff's complaint, it was assumed that defendant knew that decedent's mother illegally distributed drugs from her house in decedent's presence and that, from these alleged facts, a jury could find that defendant had "reasonable cause" to believe that the child was neglected, thus triggering defendant's duty to report. The trial court further concluded that the governmental immunity statute, MCL 691.1407, did not provide a defense to plaintiff's claim because defendant had a statutory duty to report the possible neglect. Thus, plaintiff's claim was subject to the "damages proximately caused by" standard of MCL 722.633(1), not the stricter "*the* proximate cause" standard of MCL 691.1407(2)(c). (Emphasis added.) The trial court indicated that only after defendant reported the possible neglect would plaintiff's claim be subject to governmental immunity.

The trial court's April 18, 2012, order indicated that defendant's motion for summary disposition was denied pursuant to MCR 2.116(C)(8). However, on May 23, 2012, the trial court entered a stipulated order amending its original order to provide that summary disposition was denied pursuant to MCR 2.116(C)(7) as well. Defendant now appeals as of right.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision regarding a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

Summary disposition is appropriate when a claim is barred because of "immunity granted by law . . . ."

MCR 2.116(C)(7). A party may support a motion under MCR 2.116(C)(7) with affidavits, depositions, admissions, or other documentary evidence. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). "In reviewing a (C)(7) motion, a court must accept all well-pleaded allegations as true and construe them in favor of the nonmoving party." *Tellin v Forsyth Twp*, 291 Mich App 692, 698; 806 NW2d 359 (2011).

Similarly, in evaluating a party's motion for summary disposition pursuant to MCR 2.116(C)(8), a court "must accept all well-pleaded factual allegations as true, construing them in a light most favorable to the nonmoving party." *Cummins v Robinson Twp*, 283 Mich App 677, 689; 770 NW2d 421 (2009). Summary disposition on the basis of subrule (C)(8) should be granted "only where the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Cummins*, 283 Mich App at 689-690 (quotation marks and citation omitted).

We also review de novo questions of statutory interpretation involving the application of governmental immunity. *Carr v City of Lansing*, 259 Mich App 376, 379; 674 NW2d 168 (2003). "The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature." *Id.*

### III. ANALYSIS

The CPL imposes a duty on certain listed professionals to report suspected child abuse or neglect. *Marcelletti v Bathani*, 198 Mich App 655, 659; 500 NW2d 124 (1993). MCL 722.623(1)(a) reads, in relevant part, as follows:

An individual is required to report under this act as follows:

(a) A . . . law enforcement officer . . . who has reasonable cause to suspect child abuse or neglect shall make immediately, by telephone or otherwise, an oral report, or cause an oral report to be made, of the suspected child abuse or neglect to the department. Within 72 hours after making the oral report, the reporting person shall file a written report as required in this act.

MCL 722.633(1) further provides:

A person who is required by this act to report an instance of suspected child abuse or neglect and who fails to do so is civilly liable for the damages proximately caused by the failure.[3]

Plaintiff relies heavily on *Williams v Coleman*, 194 Mich App 606; 488 NW2d 464 (1992), to support his position that the mandatory reporting provision abrogates defendant's ability to claim governmental immunity. In *Williams*, the decedent was a 23-month-old child who died under circumstances suggesting "long-term nutritional deprivation or failure to thrive." *Id*. at 608-609. The defendants were social workers employed by the Wayne County Department of Social Services. *Id*. at 608. The plaintiff, the personal representative of the decedent's estate, sued the defendants in 1982, alleging failure to report child abuse and neglect as required by MCL 722.623. *Williams*, 194 Mich App at 608-609. On appeal, the defendants argued that common-law governmental immunity for individual governmental employees protected them from liability under the CPL. *Id*. at 610-612. In affirming the judgment against the defendants, this Court explained that the purpose of the CPL is to "protect abused and neglected children." *Id*.

---

[3] MCL 722.633(2) further provides: "A person who is required by this act to report an instance of suspected child abuse or neglect and who knowingly fails to do so is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both."

at 614. In light of this purpose, the Legislature decided to impose the reporting requirement on a variety of professionals because "it made clear that child safety is a priority and that the needs of the listed professionals are secondary where it comes to reporting." *Id.* at 615. Importantly, the listed professionals included both governmental employees and nongovernmental employees. *Id.* at 613-614. Further, the legislative history and the plain language of the CPL "reveal[ed] the Legislature's intent to apply the statute to the persons listed, regardless of their employment status." *Id.* at 614. Accordingly, this Court held that "through the Child Protection Law the Legislature intended to abrogate established immunity rules of the common law related to persons required to report abuse and neglect." *Id.* at 615-616.

However, *Williams* was decided under *Ross v Consumers Power Co* (*On Rehearing*), 420 Mich 567, 631-632; 363 NW2d 641 (1984). In *Ross,* our Supreme Court held that governmental immunity for individuals was provided by the common law. Certain high-level officials were generally absolutely immune from tort liability, while lower-level officials were immune from tort liability when acting within the scope of employment, acting in good faith, and performing discretionary acts. *Id.* at 633-634. When *Ross* was decided, the then existing version of MCL 691.1407 only protected agencies, not individuals. In 1986, the Legislature amended MCL 691.1407. It currently reads, in relevant part, as follows:

> (2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a govern-

mental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:

(a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

Accordingly, under the current governmental immunity law for lower-ranking employees, courts should follow a three-part test when, as here, the plaintiff has pleaded a negligent tort:

If the plaintiff pleaded a negligent tort, proceed under MCL 691.1407(2) and determine if the individual caused an injury or damage while acting in the course of employment or service or on behalf of his governmental employer and whether:

(a) the individual was acting or reasonably believed that he was acting within the scope of his authority,

(b) the governmental agency was engaged in the exercise or discharge of a governmental function, and

(c) the individual's conduct amounted to gross negligence that was the proximate cause of the injury or damage. [*Odom*, 482 Mich at 479-480.]

With respect to the third element, it is important to distinguish between "*the* proximate cause" and "*a* proximate cause." *Robinson v Detroit*, 462 Mich 439, 468; 613 NW2d 307 (2000). "[T]he proximate cause" means "the one most immediate, efficient, and direct cause" of the plaintiff's injuries. *Id.* at 446.

The CPL sets forth a lower standard for liability for a failure to report than the governmental immunity statute. Under the CPL, a person may be liable for a failure to report when the child's injures were "proximately caused by" the failure to report. MCL 722.633(1). The CPL also does not refer to the strict "grossly negligent" standard. In contrast, under the governmental immunity statute, a defendant's actions must be both grossly negligent and "*the* proximate cause" of the child's injuries. MCL 691.1407(2)(c) (emphasis added). Plaintiff argues that the lower standard set forth in the mandatory reporting statute applies and that there is no reason to look at the narrower standard under the governmental immunity statute. We disagree.

"Although the [governmental tort liability act (GTLA), MCL 691.1401 *et seq.*] proclaims that it contains all the exceptions to governmental immunity, the Legislature remains free to create additional exceptions, either within the GTLA or another statute." *State Farm Fire & Cas Co v Corby Energy Servs, Inc*, 271 Mich App 480, 485; 722 NW2d 906 (2006). In explaining the rule that the Legislature may create exceptions to individual governmental immunity not specifically referred to in the GTLA, this Court reasoned that the Legislature cannot bind future Legislatures. *Id*. MCL 691.1407 was amended in 1986 to provide governmental immunity for individual governmental employees. The CPL was enacted before 1986, and the Legislature has repeatedly made minor amendments to the CPL after 1986. We conclude that the mandatory reporting statute does not provide an exception to the general statutory rule of governmental immunity for individual governmental employees. The Legislature is presumed to be aware of the consequences of its use or omission of statutory language and the effect of new laws on all

existing laws. *In re Messer Trust*, 457 Mich 371, 380; 579 NW2d 73 (1998); *Walen v Dep't of Corrections*, 443 Mich 240, 248; 505 NW2d 519 (1993). In spite of its knowledge regarding the GTLA, the Legislature has not amended the mandatory reporting statute to clearly provide that it abrogates the later-enacted governmental immunity statute. A more recently enacted law has precedence, especially when the statute is both the more specific and the more recent. *Parise v Detroit Entertainment, LLC*, 295 Mich App 25, 28; 811 NW2d 98 (2011).

We find further support for applying the governmental immunity statute to the mandatory reporting statute in *Hannay v Dep't of Transp*, 299 Mich App 261; 829 NW2d 883 (2013). In *Hannay*, we concluded that while a plaintiff could bring a claim under the motor vehicle exception to governmental immunity, "the fact that a tort action arising from a motor vehicle accident may be pursued against a governmental entity does not except the action from the application of the no-fault act [MCL 500.3101 *et seq.*]." *Hannay*, 299 Mich App at 267. Thus, in determining the amount of damages that a plaintiff may recover from a governmental agency under the motor vehicle exception to governmental immunity, the no-fault act must apply. *Id.* The same principle holds true in the case at bar. The mandatory reporting statute must be read in conjunction with, and is therefore limited by, the governmental immunity statute. It follows that, in order for defendant to be liable under the mandatory reporting statute, her conduct must have been grossly negligent and *the* proximate cause of Ava's death.

The record reveals that Ava's mother, Kelly Ann Jones, was convicted of involuntary manslaughter following Ava's death. See *People v Jones*, unpublished

opinion per curiam of the Court of Appeals, issued July 5, 2011 (Docket No. 298948). It was alleged that Kelly Ann Jones either intentionally administered a lethal amount of morphine to Ava or allowed Ava to come into contact with morphine pills and then failed to seek assistance when she realized that Ava had taken some of the pills off a nightstand. From the limited record before us, it appears that only Kelly Ann Jones's acts or omissions were the proximate cause of Ava's death. Thus, it follows that defendant's alleged failure to report could *not* have been the proximate cause of Ava's death and that plaintiff's claim is barred by immunity granted by law. Despite the foregoing, plaintiff's counsel seeks the opportunity to amend the complaint to plead specific allegations of gross negligence and proximate cause. Plaintiff also argues that discovery, which has not yet been undertaken, will support the allegations in an amended complaint. Because the trial court did not have the opportunity to rule on these issues, we conclude that plaintiff ought to have the opportunity to seek leave to amend the complaint in the trial court. The trial court may then make a determination regarding whether such an amendment would be futile.

Reversed and remanded for further proceedings consistent with this opinion.[4] We do not retain jurisdiction.

K. F. KELLY, P.J., and MARKEY and FORT HOOD, JJ., concurred.

---

[4] Because we conclude that defendant is entitled to judgment as a matter of law under the governmental immunity statute, we decline to address the remainder of her arguments, including her claim that there was no "reasonable suspicion" to suspect abuse or neglect. Again, we will accept plaintiff's well-pleaded allegations as true.