Court of Appeals, State of Michigan

 ORDER
 William B. Murphy, C.J.
Jeffrey Minor v City of Sylvan Lake Presiding Judge

Docket No. 314220; 314230; 316793 William C. Whitbeck

LC No. 2010-109596-NO Michael J. Talbot
 Judges

 The Court orders that the motion for reconsideration is GRANTED for clarification
purposes, and this Court's opinion issued August 26, 2014 is hereby VACATED. A new opinion is
attached to this order.

Murphy, C.J., I concur in granting plaintiff's motion for reconsideration and agree that the initial
majority opinion should be vacated. And I also conclude that my prior concurring opinion should be
vacated. But I do not concur with the analysis and part of the result in the majority's new opinion on
reconsideration. Accordingly, I vacate my previous concun-ing opinion and issue the attached opinion
on reconsideration that concurs in part and dissents in part.

 A true copy entered and certified by Jerome W. Zimmer Jr.. Chief Clerk, on

 NOV 2 5 2014
 Date
 STATE OF MICHIGAN

 COURT OF APPEALS

JEFFREY MINOR, UNPUBLISHED
 November 25, 2014
 Plaintiff-Appellee,

v No. 314220
 Oakland Circuit Court
CITY OF SYLVAN LAKE, JEFFREY FICK, and LC No. 2010-109596-NO
OAKLAND COUNTY,

 Defendants,

and

MARK SILVER,

 Defendant-Appellant.

JEFFREY MINOR,

 Plaintiff-Appellee,

v No. 314230
 Oakland Circuit Court
CITY OF SYLVAN LAKE, MARK SILVER, and LC No. 2010-109596-NO
OAKLAND COUNTY,

 Defendants,

and

JEFFREY FICK,

 Defendant-Appellant.

JEFFREY MINOR,

 Plaintiff/Counter-Defendant-
 Appellee,

 -1-
v No. 316793
 Oakland Circuit Court
CITY OF SYLVAN LAKE, LC No. 2010-109596-NO

 Defendant-Appellant,

JEFFREY FICK,

 Defendant/Counter-Plaintiff,
and

MARK SILVER and OAKLAND COUNTY,

 Defendants.

 ON RECONSIDERATION

Before: MURPHY, C.J., and WHITBECK and TALBOT, JJ.

PER CURIAM.

 In these consolidated appeals, defendants Mark Silver (Docket No. 314220) and Jeffrey
Fick (Docket No. 314230) appeal as of right the trial court’s December 21, 2012 order denying
their motion for summary disposition under MCR 2.116(C)(7) on grounds of qualified
governmental immunity. Defendant City of Sylvan Lake (Docket No. 319793) appeals as on
leave granted1 the same order denying its motion for summary disposition under MCR
2.116(C)(7). Because the trial court erred when it determined that there was a question of fact
regarding whether Fick had probable cause to arrest Minor, we reverse and remand.

 I. FACTS

 A. BACKGROUND FACTS

 Minor testified at his deposition that, on March 28, 2009, he was at his home doing yard
work. He was also watching his neighbor’s dog. The dog was not on a leash or in a kennel, and
it walked out into the street when Minor’s back was turned. It is a misdemeanor for a person
caring for a dog “to allow a dog to stray beyond his premises unless under the reasonable control
of some person.”2

1
 Minor v Sylvan Lake, unpublished order of the Court of Appeals, entered August 13, 2013
(Docket No. 316793).
2
 Sylvan Lake Ordinance § 10-66.

 -2-
 Minor went after the dog, grabbed her by the collar, and began to lead her back to the
house. Fick, a Sylvan Lake police officer, was nearby in his patrol car. Fick rolled his window
down and said that he needed to talk to Minor. Minor continued walking and said that he needed
to take the dog into the house. Fick told Minor to wait, and Minor responded that he would talk
to Fick after he took care of the dog. Fick got out of his car, then asked Minor what his name
was and whether he lived at the house. At that point, Minor realized that Fick was “there to be
malicious and give me a hard time.” Minor told Fick to call his chief (police chief Mark Silver)
because the police were not supposed to harass Minor. Minor said this because he was
previously involved in a lawsuit against Silver, and his attorney in that case told the police not to
give him a hard time.

 Fick asked Minor for his identification, and Minor said that he did not have it on him.
Minor resumed walking the dog toward the house. Fick told Minor to stop and grabbed his arm.
Minor pulled away, and Fick informed Minor that he would have to arrest him. Fick did not
respond when Minor asked Fick why he was under arrest. Minor became loud and started to use
profane language to attract the attention of his neighbors. Minor also attempted to record the
arrest with his phone, but Fick grabbed the phone and called him a derogatory name. At that
point, Fick struck Minor on the head, and he could not remember what happened after that, until
he was in the patrol car. He then realized that he had been hit on the leg and head.

 According to Fick’s testimony at deposition, he got out of his car because Minor was
“giving [him] serious attitude” and he intended to write Minor a ticket. Fick asked Minor for his
driver’s license to verify who he was for the ticket. Minor tried to walk away, and Fick followed
Minor to prevent him from going into the house because Fick was concerned that Minor might
come back out with a weapon. He grabbed Minor’s arm to place him under arrest.

 After Minor refused his command to get into the car “several times,” Fick subdued Minor
to get him into the car. Fick pulled Minor’s head down and struck Minor’s common peroneal
nerve, which is located in the thigh and will cause someone’s leg to buckle when struck. While
Fick was trying to get Minor into the car, Minor kicked him in the face. The prosecutor charged
Minor with resisting, assaulting, or obstructing an officer and disturbing the peace. But she
declined to prosecute the charges because she did not believe that she could prove the case
beyond a reasonable doubt.

 On April 23, 2010, Minor filed his complaint in this action. Minor asserted several
claims, including: excessive force, unreasonable seizure, retaliation against freedom of speech,
and malicious prosecution under 42 USC 1983 against Fick and Silver; failure-to-train officers
against unreasonable seizure and excessive force under 42 USC 1983 against Sylvan Lake; and
state-law claims of false arrest, false imprisonment, abuse of process, assault and battery, and
intentional infliction of emotional distress against Fick and Silver. Minor also made claims
against Oakland County under similar theories, but the trial court has granted summary
disposition on those claims and Oakland County is not a party to this appeal.

 B. THE DEFENDANTS’ MOTION FOR SUMMARY DISPOSITION

 On November 1, 2012, the defendants filed a joint motion for summary disposition under
MCR 2.116(C)(7) on the majority of Minor’s claims, excepting only his excessive force and

 -3-
battery claims against Fick individually. The defendants contended that Fick and Silver were
subject to qualified governmental immunity and asserted that their conduct did not violate
Minor’s clearly established rights because an arrest is only unconstitutional if an officer lacks
probable cause to make the arrest. The defendants contended that Minor’s failure to control the
dog gave Fick probable cause to arrest him for violating two misdemeanor dog-leash ordinances,
Sylvan Lake Ordinance § 10-69 and MCL 287.262, in Fick’s presence.

 As an alternative ground, the defendants asserted that Fick was entitled to arrest Minor
for failing to comply with Fick’s request to provide identification. The defendants also
contended that if Minor’s claim against Fick failed, his failure-to-train claim against Sylvan Lake
also failed because a plaintiff cannot maintain such a claim if the officer did not actually commit
a constitutional violation. Finally, the defendants contended that Minor could not show that
Sylvan Lake was deliberately indifferent to Fick’s use of excessive force.

 Minor responded that whether Fick had probable cause to arrest him was a question of
fact. Minor contended that Sylvan Lake had never previously ticketed, much less arrested,
anyone for violating the dog-leash ordinance, and that Fick had a history of using excessive
force.

 C. THE TRIAL COURT’S RULING

 On December 21, 2012, the trial court granted the defendants’ motion on Minor’s abuse
of process claim and his claims against Silver in a supervisory capacity, but it denied summary
disposition on Minor’s 42 USC 1983 and state law claims. The trial court determined there was
a question of fact regarding whether Fick actually arrested Minor for violating the dog-leash
ordinance. The trial court also reasoned that, even if Fick arrested Minor for violating the dog-
leash ordinance, there was a question of fact regarding Fick’s probable cause to arrest Minor on
that ground because the Sylvan Lake ordinance only permitted issuing tickets, not making
arrests. The trial court rejected the defendants’ assertion that Fick had probable cause to arrest
Minor for engaging in disorderly conduct.

 The trial court denied the defendants’ motion regarding Minor’s failure-to-train
allegations. The trial court reasoned that Minor presented evidence “that Fick has a history of
excessive force and questionable arrests,” that Sylvan Lake did not have “an established policy
regarding arrest or use of force,” and that it did not “train Fick on these issues after the incidents
occurring before he arrested [Minor].” The trial court determined that this evidence was
sufficient to create a question of fact regarding whether Sylvan Lake was deliberately indifferent
to the shortcomings in its training and policies.

 -4-
 II. LAW OF THE CASE DOCTRINE

 A. STANDARD OF REVIEW

 This Court reviews de novo whether he law of the case doctrine applies.3

 B. LEGAL STANDARDS

 Principles of stare decisis require us to reach the same result in a case that presents the
same or substantially similar issues as in a case that another panel of this Court has decided.4
The law of the case doctrine provides that legal questions decided by this Court “will not be
differently determined on a subsequent appeal in the same case in which the facts remain
materially the same.”5 But the law of the case doctrine “merely expresses the practice of courts
generally to refuse to reopen what has been decided,” and is “not a limit to their power.”6
Further, the law of the case doctrine applies “only to issues actually decided, either implicitly or
explicitly, in the prior appeal.”7

 C. APPLYING THE STANDARDS

 Minor asserts that the law of the case doctrine applies in this case because, in a previous
appeal, this Court determined that we could not decide the issue of Fick and Silver’s probable
cause to arrest Minor. We determine that the law of the case doctrine does not apply because,
while Fick and Silver raised probable cause issues in both appeals, they were different legal
arguments.

 In the previous appeal in this case, the defendants contended in part that Minor failed to
establish the elements of their claims under MCR 2.116(C)(8).8 This Court refused to consider
those portions of the defendants’ appeal that implicated MCR 2.116(C)(8) because they did not
have an appeal of right under MCR 2.116(C)(8).9 As the dissent observers, this Court later
determined that we could not address Fick and Silver’s argument “that probable cause existed as
a matter of law and precludes plaintiff from establishing the elements of false arrest and

3
 Askher v Ford Motor Co, 245 Mich App 9, 13; 627 NW2d 1 (2001).
4
 MCR 7.215(C)(2).
5
 Grievance Adminstrator v Lopatin, 462 Mich 235, 259; 612 NW2d 120 (2000) (quotation
marks and citation omitted).
6
 Locriccio v Evening News Ass’n, 438 Mich 84, 109; 476 NW2d 112 (1991) (quotation marks
and citation omitted).
7
 Grievance Administrator, 462 Mich at 260.
8
 Minor v City of Sylvan Lake, unpublished opinion per curiam of the Court of Appeals, issued
June 28, 2012 (Docket No. 302166), slip op at 3.
9
 Id., slip op at 4-5.

 -5-
imprisonment, abuse of process and intentional infliction of emotional distress” because “that
argument would be based upon MCR 2.116(C)(8), not (C)(7)[.]”10

 In this appeal, Fick and Silver raised qualified federal immunity arguments and state
governmental immunity arguments, to which Minor argued the intentional tort exception. In this
case, as we discuss below, Fick and Silver’s probable cause arguments do arise under MCR
2.116(C)(7) because they relate to the existence of a ground for governmental immunity or an
exception to governmental immunity. Fick and Silver did not raise or argue these issues under
MCR 2.116(C)(8).

 Thus, contrary to the dissent, we conclude that this Court’s prior determination that Fick
and Silver could not make a probable cause argument under MCR 2.116(C)(8), the issue actually
decided in the prior appeal, is a different legal than whether they can make probable cause
arguments under MCR 2.116(C)(7). Therefore, we conclude that addressing these issues does
not implicate the law of the case doctrine, and this Court may consider Fick and Silver’s
probable cause arguments.

 III. FEDERAL QUALIFIED IMMUNITY (DOCKET NOS. 314220 & 314230)

 A. STANDARD OF REVIEW

 This Court reviews de novo the trial court’s determination on a motion for summary
disposition.11 A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the
plaintiff’s claims are barred by immunity granted by law.12 The moving party may support its
motion with affidavits, depositions, admissions, or other documentary evidence that would be
admissible at trial.13 We consider the contents of the plaintiff’s complaint to be true, unless
contradicted by the documentary evidence.14 If reasonable minds could not differ on the legal
effects of the facts, whether governmental immunity bars a claim is a question of law.15

 B. LEGAL STANDARDS

 The doctrine of federal qualified immunity shields government officials performing
discretionary functions from civil liability, including suits under 42 USC 1983, unless their
conduct violates a person’s clearly established constitutional rights.16 Courts engage in a two-

10
 Id., slip op at 7 n 8.
11
 Odom v Wayne Co, 482 Mich 459, 466; 760 NW2d 217 (2008).
12
 Id.
13
 Id.; MCR 2.116(G)(5), (6).
14
 Odom, 482 Mich at 466.
15
 Snead v John Carlo, Inc, 294 Mich App 343, 354; 813 NW2d 294 (2011).
16
 Harlow v Fitzgerald, 457 US 800, 818; 102 S Ct 2727; 73 L Ed 2d 396 (1982).

 -6-
pronged inquiry to determine whether a defendant is entitled to qualified immunity.17 The first
question is whether the facts, when viewed in the light most favorable to the allegedly injured
party, show that the officer’s conduct violated a federal right.18 The second question is whether
the right was clearly established.19

 The First Amendment prohibits officers from “subjecting an individual to retaliatory
actions, including criminal prosecutions, for speaking out.”20 The plaintiff must show a but-for
causal connection between “[the] unconstitutional motive and resulting harm[.]”21 To make this
showing, the plaintiff must plead and prove the absence of probable cause to arrest.22

 A plaintiff has a right to be free from malicious prosecutions under the Fourth
Amendment’s prohibition against unreasonable seizures.23 A malicious prosecution claim arises
from the defendant’s wrongful use of legal process.24 “[S]uch a claim fails when there was
probable cause to prosecute . . . .”25

 False arrest is a form of false imprisonment.26 “[A]n arrest without probable cause
violates the Fourth Amendment.”27 But qualified immunity shields an arresting officer who
reasonably believed that he or she had probable cause to arrest the plaintiff.28

 C. APPLYING THE STANDARDS

 As illustrated above, Minor must show that Fick did not have probable cause to arrest
him in order to show that Fick’s conduct violated Minor’s constitutional rights to prove each of
his assertions under 42 USC 1983. Fick and Silver allege that Minor’s 42 USC 1983 claims
against them fail because Fick had probable cause to arrest Minor. We agree.

17
 Tolan v Cotton, ___ US ___, ___; 134 S Ct 1861, 1865; 188 L Ed 2d 895 (2014).
18
 Id.
19
 Id. at 1866.
20
 Hartman v Moore, 547 US 250, 256; 126 S Ct 1695; 164 L Ed 2d 441 (2006).
21
 Id. at 259.
22
 Id. at 265-266.
23
 Fox v DeSoto, 489 F3d 227, 237 (CA 6, 2007).
24
 Wallace v Kato, 549 US 384, 390; 127 S Ct 1091; 166 L Ed 2d 973 (2007).
25
 Fox, 489 F3d at 237.
26
 Wallace, 549 US at 388.
27
 Donovan v Thames, 105 F3d 291, 297-298 (CA 6, 1997).
28
 Hunter v Bryant, 502 US 224, 228; 112 S Ct 534; 116 L Ed 2d 589 (1991).

 -7-
 An officer has probable cause to arrest a person if the officer is aware of facts or
circumstances that would lead a person of reasonable caution to believe that a criminal offense
was committed.29 “If an officer has probable cause to believe that an individual has committed
even a very minor criminal offense in his presence, he may, without violating the Fourth
Amendment, arrest the offender.”30 Whether an officer had probable cause to arrest is an
objective inquiry.31

 Minor contends that there is a question of fact regarding whether Fick actually arrested
Minor for violating the dog-leash ordinance. While Minor’s history with the Sylvan Lake police
department, Minor’s description of Fick’s bearing, and Sylvan Lake’s history of not arresting or
ticketing dog-leash-ordinance violators might provide evidence that Fick harbored ill-will toward
Minor, these considerations are not determinative of whether Fick had probable cause to arrest
Minor.32 The question is whether the facts would lead a person of reasonable caution to believe
that Minor committed a criminal offense.33 Here, Minor admitted that the dog he was caring for
ran into the street and that Fick was nearby in his patrol car. Minor had not restrained the dog.
As the concurrence notes, this conduct would allow a reasonable person to infer that Minor was
allowing the dog to roam free. Sylvan Lake’s dog-leash ordinance provides that such conduct is
a misdemeanor. Given these facts, there is no question of fact regarding whether Minor
committed a misdemeanor in Fick’s presence. Viewing the facts in a light most favorable to
Minor, the only conclusion that a jury could reach is that Fick had probable cause to arrest
Minor. We thus conclude that the trial court erred when it failed to grant Fick and Silver’s
motion for summary disposition on Minor’s 42 USC 1983 claims.

 IV. MUNICIPAL LIABILITY, FAILURE-TO-TRAIN (DOCKET NO. 316793)

 A. STANDARD OF REVIEW

 As previously stated, this Court reviews de novo a trial court’s ruling on a motion for
summary disposition.34

29
 People v Champion, 452 Mich 92, 115; 549 NW2d 849 (1996). See Michigan v DeFillippo,
443 US 31, 37; 99 S Ct 2627; 61 L Ed 2d 343 (1979).
30
 Atwater v City of Lago Vista, 532 US 318, 354; 121 S Ct 1536; 149 L Ed 2d 549 (2001). See
764.15(1)(a).
31
 Devenpeck v Alford, 543 US 146, 153; 125 S Ct 588; 160 L Ed 2d 537 (2004); Fox, 489 F3d at
236.
32
 See Devenpeck, 543 US at 153.
33
 See Champion, 452 Mich at 115.
34
 Odom, 482 Mich at 466.

 -8-
 B. LEGAL STANDARDS

 Under 42 USC 1983, a plaintiff may hold a municipal body liable if the municipal body
itself subjects a person to a deprivation of rights, such as by adoption an unconstitutional policy
or practice.35 The municipality must have either officially adopted the unconstitutional policy,36
or the policy must be part of “a widespread practice that, although not authorized by written law
or express municipal policy, is so permanent and well settled as to constitute a custom or usage
with the force of law.”37 A plaintiff’s failure-to-train theory is only a basis for liability under 42
USC 1983 if “the failure to train amounts to deliberate indifference to the rights of the persons
with whom the police come into contact.”38

 C. UNLAWFUL SEIZURE

 Sylvan Lake contends that, because Minor’s 42 USC 1983 unlawful seizure fail against
Fick and Silver, Minor’s related failure-to-train claim fails against them. We agree.

 If an officer did not actually violate the plaintiff’s constitutional rights, the municipality
is not liable, regardless of the existence of an unconstitutional policy:

 If a person has suffered no constitutional injury at the hands of the individual
 police officer, the fact that the departmental regulations might have authorized the
 use of constitutionally excessive force is quite beside the point.[39]

As discussed above, the trial court erred when it determined that there was a question of fact
regarding whether Fick had probable cause to arrest Minor. Because Fick had probable cause to
arrest Minor, Fick’s arrest did not violate Minor’s constitutional rights. Accordingly, there is no
basis for Minor’s claim that Sylvan Lake failed to train its officers to avoid illegal seizures, and
we conclude that the trial court erred when it failed to grant summary disposition on this claim.

 D. EXCESSIVE FORCE

 Sylvan Lake also contends that the trial court erred when it denied its motion for
summary disposition on Minor’s claim that it failed to train Fick regarding the use of excessive
force. We agree.

35
 City of Canton v Harris, 489 US 378, 386-387; 109 S Ct 1197; 103 L Ed 2d 412 (1989); City
of St Louis v Praprotnik, 485 US 112, 121; 108 S Ct 915; 99 L Ed 2d 107 (1988).
36
 St Louis, 485 US at 121-122.
37
 Id. at 127 (quotation marks and citation omitted).
38
 Canton, 489 US at 388.
39
 City of Los Angeles v Heller, 475 US 796, 799; 106 S Ct 1571; 89 L Ed 2d 806 (1986).

 -9-
 “[O]ne act is not itself a custom.”40 A few incidents of constitutional violations are not
sufficient to show a municipality’s widespread practice of or deliberate indifference to
constitutional violations.41

 Here, Minor presented evidence that Fick was a defendant in one other excessive-force
lawsuit. Even presuming that Sylvan Lake did not train Fick after the incident, Minor cannot
establish deliberate indifference because he has shown only one other incident of excessive
force. Two claims of excessive force establish neither a widespread practice nor deliberate
indifference under 42 USC 1983. Thus, we conclude that the trial court erred when it failed to
grant Sylvan Lake’s motion for summary disposition on this claim.

 V. INTENTIONAL TORTS

 A. THIS COURT’S JURISDICTION

 As an initial matter, Minor contends that we do not have jurisdiction to review this issue
because the trial court’s order is not an order from an appeal denying governmental immunity to
a party. We conclude that we have jurisdiction to consider this issue.

 This Court’s jurisdiction is provided by law and is limited to final judgments and
orders.42 A final judgment includes an appeal from an order denying governmental immunity to
a governmental party.43 In Walsh v Taylor, this Court held that a trial court’s ruling effectively
denies a party’s motion for governmental immunity if the trial court based its ruling on an
exception to governmental immunity.44 Such an order may be appealed as of right if it falls
within the scope of MCR 7.202(6)(a)(v).45

 Here, Silver and Fick asserted that they were entitled to governmental immunity. Minor
asserted that the intentional-tort exception to governmental immunity applied. The trial court
determined that summary disposition was inappropriate because there was a question of fact
concerning probable cause, an element of the intentional torts in question. We conclude that,
under Walsh, we may consider Silver’s and Fick’s appeals of right because the trial court’s
decision effectively denied their motion for governmental immunity by concluding that the
intentional tort exception applied.

40
 Pineda v City of Houston, 291 F3d 325, 329 (CA 5, 2002).
41
 See id. (eleven incidents not sufficient); Jones v Muskegon County, 625 F3d 935, 946 (CA 6,
2010) (five incidents not sufficient).
42
 Walsh v Taylor, 263 Mich App 618, 622; 689 NW2d 506 (2004); MCL 600.308. See Const
1963, Art VI, § 10.
43
 MCR 7.202(6)(a)(v).
44
 Walsh, 263 Mich App at 625.
45
 Id.; Watts v Nevils, 477 Mich 856, 856; 720 NW2d 755 (2006) (overruling the decision with
which Walsh conflicted and approving the rule in Walsh).

 -10-
 B. STANDARD OF REVIEW

 As previously stated, this Court reviews de novo a trial court’s ruling on a motion for
summary disposition.46

 C. LEGAL STANDARDS

 Generally, the governmental immunity act provides broad immunity from tort liability to
governmental agencies, officials, or employees who exercise or discharge a governmental
function.47 But an exception provides that governmental agents are not immune for their
intentional torts.48

 A plaintiff alleging the intentional tort of false arrest must show that the defendant
participated in an illegal and unjustified arrest, without probable cause.49 A plaintiff alleging
malicious prosecution must show in part that the person who initiated or maintained the
prosecution lacked probable cause.50 And a plaintiff alleging intentional infliction of emotional
distress on the basis of an unjustified arrest must show in part the defendant’s intent or
recklessness.51 The plaintiff cannot show that a defendant acted recklessly if the defendant acted
with probable cause.52

 D. APPLYING THE STANDARDS

 Fick and Silver contend Minor cannot establish the intentional tort exception to
governmental immunity because Fick had probable cause to arrest Minor. We agree.

 Minor alleged four intentional torts against Fick and Silver: false arrest, abuse of process,
assault and battery, and intentional infliction of emotional distress. As illustrated above, the
officer’s lack of probable cause is an element of each of these torts. Fick and Silver requested
summary disposition on all of these counts except assault and battery against Fick. The trial
court denied their motion on the basis that there was a question of fact regarding probable cause.

 Here, as discussed above, the trial court erred when it determined that there was a
question of fact regarding whether Fick had probable cause to arrest Minor. There is no question

46
 Odom, 482 Mich at 466.
47
 MCL 691.1401 et seq.; Ross v Consumers Power Co (On Rehearing), 420 Mich 567, 595; 363
NW2d 641 (1984); Jones v Bitner, 300 Mich App 65, 74-75; 832 NW2d 426 (2013).
48
 MCL 691.1407(3); Lavey v Mills, 248 Mich App 244, 257; 639 NW2d 261 (2001).
49
 Walsh, 263 Mich App at 626.
50
 Id. at 632-633.
51
 Id. at 634.
52
 See id.

 -11-
of fact on the issue of probable cause. Because an absence of probable cause is a necessary
element under each of Minor’s intentional tort claims, Minor has not established that the
intentional-tort exception to governmental immunity applies in this case. Thus, the trial court
erred when it denied the defendants’ motion for summary disposition.

 We note that Fick and Silver only argue on appeal that Minor cannot premise his
intentional infliction of emotional distress claim on their conduct during his lawful arrest. As
discussed above, we agree. However, we note that Fick and Silver did not address on appeal
Minor’s separate claim that their post-arrest conduct also intentionally inflicted emotional
distress on Minor. We do not address that separate issue, and our opinion does not require
reversal on that portion of Minor’s claims.

 VI. CONCLUSION

 We conclude that the trial court erred when it determined that there was a question of fact
regarding whether Fick had probable cause to arrest Minor after the dog that Minor was caring
for ran into the street. Accordingly, the trial court erred when it denied the defendants’ motion
for summary disposition on Minor’s 42 USC 1983 and intentional tort claims on the basis that
there was a question of fact regarding whether Fick had probable cause to arrest Minor. We also
conclude that the trial court erred when it determined that Minor presented a question of fact
regarding Sylvan Lake’s indifference to officers’ constitutional violations, and the trial court
should have granted summary disposition on those claims.

 We reverse and remand. We do not retain jurisdiction. The defendants, as the prevailing
parties, may tax costs.53

 /s/ William C. Whitbeck
 /s/ Michael J. Talbot

53
 MCR 7.219.

 -12-