# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT OSTROWSKI,

        Plaintiff-Appellee,

UNPUBLISHED
July 27, 2017

v

No. 331949
Wayne Circuit Court
LC No. 15-007921-NO

CHARTER TOWNSHIP OF CANTON, MARK
HUMBURGER, and MATTHEW SARNA,

        Defendants-Appellants.

Before: GLEICHER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendants appeal as of right from the order of the trial court denying their joint motion for summary disposition under MCR 2.116(C)(7) (governmental immunity), (C)(8) (failure to state a claim), & (C)(10) (no genuine issue of material fact). We reverse.

Plaintiff filed this lawsuit following injuries he sustained while playing softball at a sports complex operated by defendant Canton Township. Defendant Humburger is an employee of Canton Township in its Parks Department; he oversees maintenance at the softball fields. Defendant Sarna is also employed by Canton Township as a laborer in the Parks Department, and his duties include daily maintenance of the softball fields. Plaintiff's injury occurred as he attempted to slide into second base. Plaintiff alleges that the cause of his injury was the failure of the base to disengage from the mound as designed when he slid into it, which he attributes to the gross negligence of defendants.[1] Defendants claim that plaintiff's injury was the result of his improper slide. The trial court concluded that a genuine issue of material fact existed with regard to whether defendants Humburger and Sarna engaged in gross negligence that was the

---

[1] Canton Township uses Soft Touch bases at the sports complex, which are designed to flex and absorb energy as a player slides into them. If the player slides forcefully enough, the base is designed to disengage from the mound.

proximate cause of plaintiff's injuries. Additionally, the trial court concluded that defendant Canton Township could be held vicariously liable for any gross negligence of its employees.[2]

Initially, the trial court's conclusion that Canton Township could be vicariously liable was clearly erroneous. The Government Tort Liability Act, MCL 691.1401 *et seq.*, states that "[e]xcept as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). The Supreme Court has defined the phrase "tort liability" in MCL 691.1407(1) to mean "*all legal responsibility* arising from a noncontractual civil wrong for which a remedy may be obtained in the form of compensatory damages." *Mick v Kent Co Sheriff's Dep't*, 494 Mich 367, 385; 835 NW2d 545 (2013) (emphasis added). Therefore, the broad grant of immunity provided in MCL 691.1407(1) to governmental agencies includes cases where a plaintiff seeks to impose tort liability vicariously. The language of the gross negligence exception in MCL 691.1407(2) states that it only applies to officers, employees, volunteers, and members of a board, council, commission, or statutorily created task force. Therefore, unless there is a specifically enumerated exception allowing suit against the governmental agency, and not merely its officers or employees, the governmental agency cannot be held vicariously liable for the acts of its employees. See *Ross v Consumer Power Co*, 420 Mich 567, 621-625; 363 NW2d 641 (1985) ("A governmental agency can be held vicariously liable only when its officer, employee, or agent, acting during the course of employment and within the scope of authority, commits a tort while engaged in an activity which is nongovernmental or proprietary, or which falls within a statutory exception.") abrogated by statute on other grounds as stated in *Jones v Bitner*, 300 Mich App 65, 74-75; 832 NW2d 426 (2013).[3]

The issue concerning the claim against Humburger and Sarna, is whether plaintiff presented sufficient evidence to create a genuine issue of material fact that Humburger and Sarna engaged in gross negligence that was the proximate cause of plaintiff's injury. See MCL 691.1407(2)(c).[4] In his complaint, plaintiff alleged that the reason the base did not disengage from the mount as designed when he slid into it was because Humburger and Sarna failed to properly clean the underside of the base and failed to adequately maintain the ground around the

---

[2] We review the trial court's grant of summary disposition "de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

[3] *Ross* was decided prior to statutory amendments that provided governmental immunity to individuals, such as employees and officials of governmental agencies, and, therefore, decided that such immunity existed under the common law. *Jones*, 300 Mich App at 74-75. After the legislature provided this immunity via statute, the statutory language, and not *Ross*, controls the applicability of immunity to individual government employees and officials. *Id.*

[4] Plaintiff has not disputed, either before the trial court or on appeal, that Sarna and Humburger were acting within the course of their employment and within the scope of their authority and that Canton Township was engaged in the exercise of a governmental function. See MCL 691.1407(2)(a) & (2)(b).

base such that excess dirt and debris built up on the underside of the base and along its outside edges. In support of his position, plaintiff relies on the deposition testimony of his manager, Gary Turnbull, who testified that, after plaintiff's injury, he struck the base with a bat several times, and it did not disengage. Plaintiff also relies on the affidavit of his expert, Shawn Pender.[5] Pender averred that a buildup of dirt and residue on the back and lateral sides of the bases can cause the base to fail to disengage. Pender concluded that because the base did not disengage when Turnbull hit it with a bat, that there must have been a significant buildup of dirt and debris, which could only have been caused by a failure to properly maintain the base.

At their depositions, neither Humburger nor Sarna disputed that the underside of the bases was not regularly cleaned. Sarna testified that the underside would rarely, if ever, have any accumulation of dirt or debris. Humburger simply testified that such cleaning was not required for the bases to function properly. Sarna did testify in detail, however, about how he would clean up along the outside of the base mounds. Sarna described how he dragged the field with a device pulled behind a utility vehicle and how he cleaned the mounting assembly for each base. A daily maintenance check sheet also shows that Sarna dragged each softball field and then set all the bases at the sports complex on an almost daily basis. The supervisor of umpires at the sports complex, Larry White, also testified that the fields were always in excellent condition before each game.

Grossly negligent conduct must be conduct that is "substantially more than negligent," and "evidence of ordinary negligence does not create a genuine issue of material fact concerning gross negligence." *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). We have been reluctant to find gross negligence where a plaintiff simply alleges that a defendant should have taken additional precautions above and beyond those employed. See *Tarlea v Crabtree*, 263 Mich App 80, 90-92; 687 NW2d 333 (2004) (requiring students to exercise in high temperatures and high humidity was not gross negligence where the defendants also required student athletes to obtain a physical examination before participation, provided student athletes with adequate water and food, and allowed breaks) and *Vermilya v Dunham*, 195 Mich App 79, 83; 489 NW2d 496 (1992) (failing to take additional precautions to prevent students from playing on a faulty soccer goal was not gross negligence where the defendant, a school principal, asked maintenance to determine how to better anchor the goal, made announcements instructing the children to stay off the goal, and disciplined students for climbing on the goal). In contrast, we have characterized gross negligence "as a willful disregard of safety measures and a singular disregard for substantial risks." *Oliver v Smith*, 290 Mich App 678, 685; 810 NW2d 57 (2010), see also *Bellinger v Kram*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 331199), slip op at 4-5 (evidence of gross negligence existed where the defendant, a shop teacher, took active steps to remove and discourage the use of the only safety device that could prevent a specific table saw injury and then pressured the plaintiff into using the table saw in the unsafe condition).

---

[5] Pender's resume states that he was previously a professional baseball player with the Pittsburg Pirates and that he has also worked as a MLB scout and college level coach.

The evidence in this case at most suggests that defendants should have taken additional precautions with respect to maintaining the bases. Plaintiff has not offered any evidence to challenge Sarna's testimony that he dragged the field prior to setting all three bases on the day of plaintiff's injury. Although plaintiff testified that the bases had not been removed while the infield was dragged, he had no personal knowledge on which to base this testimony and based this conclusion from the fact that the base did not disengage when he slid or when Turnbull hit it with a bat. Therefore, the only allegation of improper maintenance that plaintiff was able to show evidence of, was Humburger's and Sarna's failure to remove any imbedded dirt or debris from the underside of the bases. This does not show a willful disregarded for safety measures or a lack of concern for a significant risk of injury.[6] At most, it shows that Humburger and Sarna could or perhaps should have been more careful in performing their duties. While such evidence could suggest negligence, it is not sufficient to raise a jury question concerning gross negligence.

While a factual dispute may exist with regards to whether the proximate cause of plaintiff's injury was the base's failure to disengage or was plaintiff's actions in not sliding properly, we need not consider the evidence of causation as plaintiff's failure to show gross negligence is sufficient to resolve this appeal. We reverse the decision of the trial court in all respects and remand for entry of summary disposition in favor of each defendant.

Reversed. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

---

[6] The only evidence in the record that even suggests Sarna and Humburger should have been aware that failure to clean the underside of the bases could result in injury is a base set-up instruction sheet that directs that the underside be cleaned prior to attaching it to the mount and that contains a general disclaimer stating that a risk of injury "could increase" for failure to follow the set-up procedure. However, a general disclaimer warning of the possibility of injury for failure to follow general instructions is not equivalent to knowledge that failure to employ a specific safety technique is necessary to prevent against a substantial risk of injury. Therefore, even if failed to follow these general instructions, such conduct does not evidence "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a).

-4-