# STATE OF MICHIGAN

# COURT OF APPEALS

MARC MCCRUMB,

        Plaintiff-Appellee,

v

JAMIE MCALOON-LAMPMAN and ANNE
BURNS,

        Defendant-Appellants,

and

INGHAM COUNTY BOARD
OF COMMISSIONERS,

        Defendant.

UNPUBLISHED
August 8, 2017

No. 333357
Ingham Circuit Court
LC No. 13-001298-CL

Before: CAVANAGH, P.J., and METER and M. J. KELLY, JJ.

PER CURIAM.

In this action involving the alleged wrongful termination of plaintiff Marc McCrumb's employment, defendants Jamie McAloon-Lampman and Anne Burns appeal as of right an order denying, in part, their motion for summary disposition.[1]  We reverse.

This case arose out of the termination of plaintiff's employment with Ingham County Animal Control.  Plaintiff was hired as a probationary, temporary, at-will animal control officer.  McAloon-Lampman served as the director and Burns served as the deputy director of Ingham County Animal Control.  Several months after he was hired, plaintiff became a permanent, full-time animal control officer, but was still considered a probationary employee.  Almost one year

---

[1] We reject plaintiff's jurisdictional challenge.  Firstly, the Court has already decided the issue of jurisdiction. *McCrumb v McAloon-Lampman*, unpublished order of the Court of Appeals, issued July 14, 2016 (Docket No. 333357).  Secondly, we note that the present appeal is taken from the May 20, 2016, order.  Given that the May 20, 2016, order necessarily denied the claim of governmental immunity by governmental parties, it was a final order under MCR 7.202(6)(a)(v).

-1-

later, plaintiff was terminated from his position, six weeks before his extended probationary period was set to expire.

Following his termination, plaintiff filed a complaint in which he asserted that he was retaliated against and terminated from his position because he refused to violate the law by following three unlawful orders. Specifically, plaintiff alleged (1) that he refused to comply with an order from Burns to threaten an owner with the seizure of her three unlicensed dogs if the owner refused to turn over numerous unlicensed cats, (2) that he refused to comply with an order from McAloon-Lampman to lie in an incident report involving an owner's violent treatment of his dog, and (3) that he refused to comply with an order from McAloon-Lampman to enter a fenced backyard to seize four dogs, two of which were healthy, unharmed, and licensed. Plaintiff alleged that following his refusal to comply with these orders, "he began receiving write-ups and threats of having discipline imposed upon him," and was eventually terminated. Based on these allegations, plaintiff made a claim of wrongful termination in violation of public policy. See, e.g., *Trombetta v Detroit, Toledo & Ironton R Co*, 81 Mich App 489, 495; 265 NW2d 385 (1978).

Defendants denied that McAloon-Lampman had ordered plaintiff to lie in an incident report and denied that plaintiff had been terminated for his refusal to follow the other orders. Instead, defendants alleged that plaintiff had been fired for "legitimate, non-retaliatory reasons" related to his substandard work performance. Defendants also claimed that plaintiff's claims were barred by governmental immunity. Following the close of discovery, defendants filed a second[2] motion for summary disposition. Defendants asserted that plaintiff failed to present any evidence that the three alleged orders were unlawful, that a causal connection existed between plaintiff's alleged refusal to violate those orders and his termination, or that defendants' stated reasons for plaintiff's termination were pretextual. Defendants also asserted that the decision to terminate plaintiff for poor work performance was within the scope of their authority and that, therefore, they were entitled to governmental immunity.

The trial court determined that the order regarding the unlicensed cats and dogs was not unlawful and granted defendants' motion for summary disposition with regard to this incident. However, the court found that the order to seize the two licensed healthy dogs in the fenced backyard constituted an unlawful order because the seizure would have violated the Fourth Amendment of the United States Constitution. Further, because the court was presented with conflicting accounts regarding why plaintiff was ordered to rewrite the incident report, it determined that a factual question existed regarding whether the order to rewrite the report was unlawful. The court also found that a factual question existed regarding whether plaintiff was terminated in retaliation for his refusal to follow these latter two orders and denied defendants summary disposition with respect to them.

Defendants argue that *even if* plaintiff was ordered to violate the law during his employment, the trial court still erred in denying their motion for summary disposition, because

---

[2] See note 6, *infra*.

plaintiff did not establish a prima facie case in that he failed to establish a causal connection between his refusal to violate the law and his termination. We agree.[3]

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Loweke v Ann Arbor Ceiling & Partition Co LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). Summary disposition may be granted when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). To determine whether the movant was entitled to judgment as a matter of law, this Court reviews the record in the same manner as the trial court. See, e.g., *Morales v Auto-Owners Ins Co*, 458 Mich 288, 294; 582 NW2d 776 (1998). Review is limited to the evidence that had been presented to the trial court at the time the motion was decided. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009). A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ. *Debano-Griffin v Lake County*, 493 Mich 167, 175; 828 NW2d 634 (2013).

Defendants argue that plaintiff did not demonstrate that his alleged refusal to violate the law was connected to his termination. In order to establish causation in a retaliation[4] case, a plaintiff must present evidence that his refusal to violate the law was a significant factor leading to his termination. See *Barrett v Kirtland Community College*, 245 Mich App 306, 315; 628 NW2d 63 (2001). Something more than a temporal connection is necessary to show causation, *West v Gen Motors Corp*, 469 Mich 177, 186; 665 NW2d 468 (2003), but it is not necessary to show that the refusal to violate the law was the sole reason for the termination, see *Silberstein v Pro-Golf of America, Inc*, 278 Mich App at 446, 457; 750 NW2d 615 (2008).

Defendants presented substantial evidence that plaintiff was disciplined for a variety of work performance issues other than a refusal to follow the orders in question and that he had his probationary period extended because his work performance issues failed to improve. Defendants offered plaintiff's deposition testimony in which he admitted that he knew that defendants were unhappy with his work performance for reasons other than his refusal to follow the orders and that defendants did not, in the course of their discipline and training, refer to certain allegedly unlawful orders or even raise the fact that plaintiff had spoken with a prosecutor for advice about the "unlicensed cats and dogs" incident.[5] While plaintiff presented evidence that defendants initiated the discipline for plaintiff's work performance issues only after his refusal to follow the first order (which, incidentally, was the clearly lawful "unlicensed cats and dogs" order), something more than a mere temporal connection is necessary to show causation.

---

[3] We find it unnecessary to delve into the lawfulness of the orders at issue.

[4] Although this is not a "retaliation" case in the traditional sense, it shares characteristics with such a case and indeed, plaintiff cites to a retaliation case in his appellate brief.

[5] While the "unlicensed cats and dogs" incident is not at issue in this appeal, it is nonetheless relevant that defendants did not take issue with plaintiff's having gone to the prosecutor for advice over this incident; it speaks to defendants' state of mind in general regarding plaintiff's actions.

*West*, 469 Mich at 186. The evidence presented by defendants demonstrated that they had legitimate non-retaliatory reasons for plaintiff's discharge—plaintiff's incomplete reports and difficulties following office protocol—and plaintiff presented no evidence indicating that these reasons were pretextual and that he was actually terminated for a refusal to violate the law. Quite simply, plaintiff relies far too heavily on the supposed temporal connection. The trial court improperly determined that a question of fact existed regarding causation.

In addition, defendants were entitled to governmental immunity.[6]

"MCR 2.116(C)(7) provides that a motion for summary disposition may be raised on the ground that a claim is barred because of immunity granted by law." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Id*. at 428-429.

"Governmental immunity is the public policy, derived from the traditional doctrine of sovereign immunity, that limits imposition of tort liability on a governmental agency." *Nawrocki v Macomb Co Rd Comm'n*, 463 Mich 143, 155-156; 615 NW2d 702 (2000). "The governmental immunity act, MCL 691.1401 *et seq*., generally provides immunity from tort claims to governmental agencies engaged in a governmental function, as well as governmental officers, agents, or employees." *Niederhouse v Palmerton*, 300 Mich App 625, 631; 836 NW2d 176 (2013). The Michigan Supreme Court has provided the following framework that courts must follow when individual government immunity is raised:

> (1) Determine whether the individual is a judge, a legislator, or the highest-ranking appointed executive official at any level of government who is entitled to absolute immunity under MCL 691.1407(5).
>
> (2) If the individual is a lower-ranking governmental employee or official, determine whether the plaintiff pleaded an intentional or a negligent tort.

---

[6] As noted earlier, plaintiff raises a jurisdictional challenge in his brief on appeal. He notes that the trial court initially denied defendants' entitlement to governmental immunity in an order entered on July 22, 2014, following defendants' first motion for summary disposition, and then denied a motion for reconsideration of that decision in an October 8, 2014, order. Plaintiff asserts that the trial court was without jurisdiction to again entertain the governmental immunity issue during defendants' second motion for summary disposition, and that this Court therefore does not have jurisdiction. We find that this argument lacks merit. See, generally, *Bank of Am, NA v Fid Nat Title Ins Co*, 316 Mich App 480, 521-522; 892 NW2d 467 (2016) (citations omitted) (noting that "courts are permitted to revisit issues they previously decided, even if presented with a motion for reconsideration that offers nothing new to the court," and concluding that "[a] party is permitted to file more than one motion for summary disposition . . . [and] [t]he denial of a motion for summary disposition does not preclude such a motion on the same ground from being granted later in the same case").

(3) If the plaintiff pleaded a negligent tort, proceed under MCL 691.1407(2) and determine if the individual caused an injury or damage while acting in the course of employment or service or on behalf of his governmental employer and whether:

* * *

(4) If the plaintiff pleaded an intentional tort, determine whether the defendant established that he is entitled to individual governmental immunity under the *Ross* [*v Consumers Power Co*, 420 Mich 567; 363 NW2d 641 (1984), superseded in part by statute as stated in *Jones v Bitner*, 300 Mich App 65, 74; 832 NW2d 426 (2013)] test by showing the following:

(a) The acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority,

(b) the acts were undertaken in good faith, or were not undertaken with malice, and

(c) the acts were discretionary, as opposed to ministerial. [*Odom v Wayne Co*, 482 Mich 459, 479-480; 760 NW2d 217 (2008).]

Defendants are lower level governmental employees and are not entitled to absolute immunity under MCL 691.1407(5). Because plaintiff pleaded an intentional tort and because defendants pleaded governmental immunity as an affirmative defense, defendants are entitled to immunity if they meet the three-part *Ross* test outlined above. Plaintiff does not dispute that defendants were acting within the scope of their employment or that they performed a discretionary, as opposed to a ministerial, act in terminating him. Accordingly, the only *Ross* factor at issue is whether defendants acted in good faith or without malice in terminating plaintiff's employment.

"[A] governmental employee does not act in 'good faith' if the employee acts maliciously or with a wanton or reckless disregard of the rights of another." *Radu v Herndon & Herndon Investigations, Inc*, 302 Mich App 363, 386; 838 NW2d 720 (2013) (quotation marks and citations omitted). "[W]illful and wanton misconduct is made out only if the conduct alleged shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does." *Burnett v Adrian*, 414 Mich 448, 455; 326 NW2d 810 (1982).

Defendants presented substantial evidence demonstrating that they acted in good faith with regard to plaintiff's hiring, training, and ultimately, termination. First, defendants offered evidence demonstrating that plaintiff struggled with following office protocol in report writing and communication, and that defendants offered him counseling and training in an effort to notify him of the issues and improve the problem areas. As a probationary employee, plaintiff could have been fired at the outset based on any indication that he could not perform the job, but instead, defendants continued with training defendant and even extended his probationary term in an effort to get him to improve his work performance. Further, with regard to the decision to

terminate plaintiff's employment, defendants offered their affidavits in which they asserted that plaintiff had been terminated only as a result of his failure to improve his work performance.

Plaintiff asserted his belief that because the discipline began only after his refusal to follow the first order, he must have been disciplined and then terminated in retaliation for his refusal to follow the allegedly unlawful orders. However, plaintiff failed to offer any evidence of bad faith or malice on the part of defendants. While wrongfully terminating an employee in retaliation for his refusal to violate the law cannot be done in good faith or without malice, plaintiff failed to present evidence establishing a causal connection between his refusal to follow allegedly unlawful orders and his termination. Thus, it was erroneous for the trial court not to find defendants immune from liability.

Reversed and remanded for entry of judgment in favor of defendants. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter
/s/ Michael J. Kelly

-6-