WEAKLEY v CITY OF DEARBORN HEIGHTS

Docket No. 212008. Submitted January 18, 2000, at Detroit. Decided March 28, 2000, at 9:10 A.M. Leave to appeal sought.

Terrence M. Weakley brought an action in the Wayne Circuit Court against the city of Dearborn Heights and Darron and Rosemary Duncan after sustaining injury on a sidewalk maintained by the city and located near the Duncans' residence. A section of the concrete sidewalk had been removed by the city for repair, and the plaintiff had tripped and fallen in the area of the missing section. The city had not erected a blockade or a device warning of the missing section. In his action, the plaintiff alleged negligence by the Duncans and the city and also alleged a breach by the city of its duty under MCL 691.1402(1); MSA 3.996(102)(1) to keep the sidewalk in good repair. The court, Dalton A. Roberson, J., granted summary disposition for the defendants, ruling that the defendants cannot be held liable because the missing section of sidewalk was an open and obvious danger. The plaintiff appealed.

The Court of Appeals held:

1. The trial court did not err in granting summary disposition of the negligence claims. The duty of care owed to an invitee does not extend to conditions from which an unreasonable risk cannot be anticipated or to dangers so obvious that an invitee can be expected to discover them himself. However, if the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, the invitor is required to undertake reasonable precautions. In this case, the trial court properly concluded that the danger presented by the missing sidewalk was open and obvious. The plaintiff presented no evidence that the risk of harm remained unreasonable despite the open and obvious nature of the danger presented by the sidewalk.

2. The trial court erred in granting summary disposition of the claim of breach by the city of its statutory duty to keep the sidewalk in reasonable repair. Open and obvious danger is not a defense to a claim of breach of a municipality's duty to keep a sidewalk in good repair. A municipality's statutory duty to repair and maintain a sidewalk includes the duty to provide barriers or warning signs at, or in regard to, points of hazard or special danger. The

question whether the sidewalk in this case was not reasonably safe as to constitute a point of hazard is an unresolved question that must be determined by the trier of fact.

Affirmed in part and reversed in part.

1. NEGLIGENCE — PREMISES LIABILITY — INVITEES — OPEN AND OBVIOUS DANGERS.

An invitor can be held liable to an invitee for injury arising from a danger that was open and obvious if the risk of harm remained unreasonable despite its obviousness or despite knowledge of it by the invitee.

2. GOVERNMENTAL IMMUNITY — SIDEWALKS — MUNICIPALITIES.

A municipality's duty to repair or maintain a sidewalk includes the duty to provide barriers or warning signs at, or in regard to, points of hazard or special danger (MCL 691.1402[1]; MSA 3.996[102][1]).

*Thomas A. Herzog*, for Terrence M. Weakley.

*Kitch, Drutchas, Wagner & Kenney, P.C.* (by *Linda M. Garbarino* and *Michael J. Watza*), for city of Dearborn Heights.

*Becker, Lanctot, McCutcheon, Schoolmaster, Taylor & Horn* (by *Onjel L. Benson*) (*John A. Lydick*, of Counsel), for Darron and Rosemary Duncan.

Before: BANDSTRA, C.J., and HOLBROOK, JR., and FITZGERALD, JJ.

FITZGERALD, J. Plaintiff appeals as of right an order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(10). We affirm in part and reverse in part.

Plaintiff tripped and fell on a removed portion of a public sidewalk maintained by defendant city of Dearborn Heights and adjacent to property owned by defendants Darron and Rosemary Duncan. The city had removed the entire section of the sidewalk for the purpose of repair, but did not erect a blockade or other warning device to alert pedestrians to the miss-

ing sidewalk. At the time of the fall, plaintiff, who was visiting his girlfriend at the residence next door to the Duncan residence, was chasing his girlfriend's dog. According to plaintiff, the sun was shining, but some leaves had fallen into the eight-inch deep hole created by the missing section of sidewalk. As a result of the fall, plaintiff injured his left knee and his back. Plaintiff filed a common-law negligence action against the Duncans and the city. Plaintiff also alleged that the city breached its statutory obligation to keep the sidewalk in good repair so as to be reasonably safe for public travel. The trial court granted summary disposition in favor of the Duncans and the city on the ground that the danger was "open and obvious."

On appeal, plaintiff argues that the trial court erred in holding as a matter of law that the missing section of sidewalk was open and obvious. A motion for summary disposition relying on MCR 2.116(C)(10) tests whether there is factual support for a claim. *Spiek v Dep't of Transportation*, 456 Mich 331, 338; 572 NW2d 201 (1998). A court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. *Id.* The party opposing the motion has the burden of showing that a genuine issue of material fact exists. *Skinner v Square D Co*, 445 Mich 153, 160; 516 NW2d 475 (1994). All inferences will be drawn in favor of the nonmovant. *Dagen v Hastings Mut Ins Co*, 166 Mich App 225, 229; 420 NW2d 111 (1987). A court must determine whether a record could be developed that would leave open an issue upon which reasonable minds could differ. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 617-618; 537 NW2d 185 (1995).

The duty of care owed to an invitee does not extend to conditions from which an unreasonable risk cannot be anticipated or to dangers so obvious that an invitee can be expected to discover them himself. *Ellsworth v Hotel Corp of America*, 236 Mich App 185, 195; 600 NW2d 129 (1999). An invitor must warn of hidden defects, but is not required to eliminate or warn of open and obvious dangers unless the invitor should anticipate the harm despite the invitee's knowledge of it. *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 90-95; 485 NW2d 676 (1992); *Millikin v Walton Manor Mobile Home Park, Inc*, 234 Mich App 490, 495; 595 NW2d 152 (1999); *Hughes v PMG Building, Inc*, 227 Mich App 1, 10; 574 NW2d 691 (1997). Whether a danger is open and obvious depends on whether it is reasonable to expect an average user of ordinary intelligence to discover the danger upon casual inspection. *Eason v Coggins Memorial Christian Methodist Episcopal Church*, 210 Mich App 261, 264; 532 NW2d 882 (1995).

Having reviewed the picture of the sidewalk and plaintiff's deposition testimony that he would have seen the missing slab if he had been watching where he was walking, we conclude that the trial court properly concluded that there was insufficient evidence to present a factual question for the jury with respect to the open and obvious nature of the condition of the sidewalk.

Indeed, steps and differing floor levels, such as the uneven pavement that resulted when the section of sidewalk was removed, are "not ordinarily actionable *unless* unique circumstances surrounding the area in issue made the situation unreasonably dangerous."

*Bertrand, supra* at 614 (emphasis in original). As
stated in *Bertrand*:

> [T]he rule generated is that if the particular activity or
> condition creates a risk of harm *only* because the invitee
> does not discover the condition or realize its danger, then
> the open and obvious doctrine will cut off liability if the
> invitee should have discovered the condition and realized
> its danger. On the other hand, if the risk of harm remains
> unreasonable, despite its obviousness or despite knowledge
> of it by the invitee, then the circumstances may be such
> that the invitor is required to undertake reasonable precau-
> tions. [*Id.* at 611 (emphasis in original).]

In the companion case to *Bertrand, Maurer v Oak-
land Co Parks & Recreation Dep't*, the plaintiff
tripped on a cement step and sued, claiming failure to
maintain a reasonably safe premises by not painting
the step a different color or failure to warn of the
step. *Id.* at 618. As in the present case, the plaintiff's
fall occurred during the daytime and her failure to see
the step was her basis for finding the step dangerous
or not open and obvious. *Id.* at 621. The Supreme
Court upheld the grant of summary disposition on the
ground that the plaintiff had not shown that the step
was unreasonably dangerous. *Id.*

Here, plaintiff has come forward with no evidence
upon which a rational factfinder could conclude that,
notwithstanding the open and obvious nature, the
missing cement slab presented an unreasonable risk
of harm. Instead, as in the *Maurer* case, plaintiff's
only asserted basis for finding that the sidewalk was
dangerous was that he did not notice that a section of
the sidewalk was missing. Because plaintiff has failed
to present any facts that the sidewalk posed an
*unreasonable* risk of harm, notwithstanding its open

and obvious nature, the trial court properly granted summary disposition of plaintiff's negligence claims that were premised on a failure to warn.

Plaintiff also argues that it was error for the trial court to dismiss his cause of action against the city under the open and obvious doctrine because the city has a statutory obligation to keep the sidewalk in good repair so as to be reasonably safe for public travel. MCL 691.1402(1); MSA 3.996(102)(1). We agree. The defense of open and obvious danger does not apply where liability is premised on a statutory duty to maintain and repair a sidewalk. *Haas v Ionia*, 214 Mich App 361, 364; 543 NW2d 21 (1995); *Walker v Flint*, 213 Mich App 18, 22-23; 539 NW2d 535 (1995). Here, plaintiff alleged that the duty to maintain and repair a sidewalk "so as to be reasonably safe" includes the duty to place warning signs or barriers at points of special hazard.

In the context of vehicular traffic, the duty of maintenance under § 2 includes the duty to erect adequate warning signs or traffic control devices at a point of hazard or special danger. *Pick v Szymczak*, 451 Mich 607, 624; 548 NW2d 603 (1996). We can discern no reason to construe § 2 differently with respect to a municipality's duty to repair and maintain a sidewalk. Thus, we conclude that a municipality has a duty to provide barriers or warning signs at, or in regard to, points of hazard affecting a sidewalk.[1]

Our Supreme Court has defined a "point of hazard" as a condition that directly affects travel along the improved portion of the roadway (including a side-

---

[1] The existence of any duty is strictly subject to the notice requirement of the act, MCL 691.1403; MSA 3.996(103).

walk, MCL 691.1401[e]; MSA 3.996[101][e]) so that it is "not reasonably safe." *Pick, supra* at 623. Defendant city has argued that the sidewalk here was reasonably safe, notwithstanding the missing sidewalk section, because any reasonably observant pedestrian could have stepped down into and up out of the area from which it was removed in a manner similar to traversing steps. The question whether the sidewalk was "reasonably safe" is a factual determination that must be made before imposing a duty on defendant city to "provide traffic control devices or warning signs." *Id.* at 624.[2]

In sum, we conclude that the trial court properly granted summary disposition in favor of defendants on plaintiff's negligence claims. Thus, the Duncans, against whom only negligence claims were made, were properly dismissed as defendants. However, the trial court erred as a matter of law in granting summary disposition in favor of the city on plaintiff's claim that the city breached its statutory duty to repair and maintain sidewalks under § 2.

Affirmed in part and reversed in part.

---

[2] In addition, defendant city "may argue that the openness and obviousness of the danger establishes comparative negligence on plaintiff's part." *Haas, supra* at 364.