*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DONNA LOGAN,

       Plaintiff-Appellant,

UNPUBLISHED
October 29, 2020

v

CITY OF SOUTHGATE,

       Defendant-Appellee.

No. 348644
Wayne Circuit Court
LC No. 18-005560-NO

Before: SWARTZLE, P.J., and JANSEN and BORRELLO, JJ.

JANSEN, J. (*dissenting*).

I disagree with the majority's conclusion that a portion of sidewalk that has a vertical discontinuity defect of five or more inches, though an open and obvious condition, is not an unreasonably dangerous condition that would nevertheless give rise to liability. I would reverse the trial court's opinion and order granting summary disposition in favor of defendant, City of Southgate, and remand for further proceedings where a genuine issue of material fact remains regarding whether the condition of the portion of sidewalk at issue was unreasonably dangerous. Thus, I respectfully dissent.

MCL 691.1402a governs the municipal maintenance of sidewalks, and allows for an injured party to sue a municipality under some circumstances. Specifically, if provides, in relevant part:

(1) A municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair.

(2) A municipal corporation is not liable for breach of a duty to maintain a sidewalk unless the plaintiff proves that at least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk.

-1-

(3) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) is presumed to have maintained the sidewalk in reasonable repair. The presumption may only be rebutted by evidence of facts showing that a proximate cause of the injury was 1 or both of the following:

(a) A vertical discontinuity defect of 2 inches or more in the sidewalk.

(b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity.

(4) Whether a presumption under subsection (3) has been rebutted is a question of law for the court. [MCL 691.1402a.]

It is undisputed that defendant had a duty under MCL 691.1402a(3)(a) to maintain its sidewalks in such a condition that a "vertical discontinuity defect of 2 inches or more" did not exist. It is also undisputed that defendant breached that duty where the record evidence clearly shows that the portion of sidewalk at issue in this case had a vertical discontinuity defect of *at least* five inches. While I agree with the majority that generally speaking, a vertical discontinuity between two slabs of sidewalk, when encountered during broad daylight and in dry conditions is open and obvious, I cannot agree that no special aspects exist in this case that would give rise to liability.

This Court has held that "steps and differing floor levels, such as the uneven pavement . . . are not ordinarily actionable *unless* unique circumstances surrounding the area in issue made the situation unreasonably dangerous." *Weakley v City of Dearborn Hts*, 420 Mich App 382, 385; 612 NW2d 428 (2000), remanded on other grounds 463 Mich 980 (2001) (citation omitted). I would conclude in this case that an at least five-inch vertical discontinuity defect is not only a violation of MCL 691.1402a, but also that the facts in this case present unique circumstances that makes the defect unreasonably dangerous.

MCL 691.1402a(3)(a) presumes that a municipality has maintained a sidewalk in reasonable repair so long as no vertical discontinuity defect greater than 2 inches exists: the five-inch vertical discontinuity defect in this case is two-and-a half times greater than what the statutory presumption allows. On this basis alone, the trial court should have concluded that as a matter of law, plaintiff successfully rebutted the presumption that defendant had maintained the sidewalk in reasonable repair. MCL 691.1402a(4). Moreover, the record evidence in this case shows that defendant knew it was in violation of MCL 691.1402a, and yet did nothing to repair or replace the affected sidewalk, or even warn pedestrians of the defect. Defendant had received four verbal complaints about this particular sidewalk as early as 2014, nearly four years before plaintiff fell in 2018. Robert Tarabula, defendant's Director of Public Services, confirmed at his deposition that defendant had notice of the condition of the sidewalk long before plaintiff's fall. Tarabula further agreed that if an individual were to trip over a sidewalk slab that has a vertical discontinuity defect of more than two inches, that person could sustain "severe" injuries. On the basis of the foregoing, I would conclude that defendant's failure to repair or replace the defect, despite having knowing of the existence of the defect for four years, contributed to the unreasonably dangerous condition of the sidewalk.

    In my view, plaintiff submitted sufficient evidence to rebut the statutory presumption that defendant had maintained its sidewalk in reasonable repair.  The successfully rebutting of this presumption give rise to a genuine question of material fact regarding whether the condition of the portion of sidewalk at issue was unreasonably dangerous.  I would reverse the trial court's order granting summary disposition to defendant, and remand for further proceedings.

                                                                /s/ Kathleen Jansen