*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DONNA LOGAN,

Plaintiff-Appellant,

UNPUBLISHED
October 29, 2020

v

No. 348644
Wayne Circuit Court
LC No. 18-005560-NO

CITY OF SOUTHGATE,

Defendant-Appellee.

Before: SWARTZLE, P.J., and JANSEN and BORRELLO, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting summary disposition in favor of defendant. Plaintiff argues on appeal that the trial court erred in granting defendant's motion for summary disposition under the open and obvious doctrine because defendant had a statutory duty to maintain the sidewalk and a genuine issue of material fact remained regarding whether the sidewalk was unreasonably dangerous. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

The facts regarding what transpired to cause injuries to plaintiff are largely undisputed. On March 3, 2018, around 1:30 p.m., plaintiff was walking her dog on Howard Street in Southgate, Michigan when she tripped over uneven pavement and sustained injuries. Plaintiff testified that just prior to her fall, she was looking at another individual who was walking a dog a few blocks ahead of her. As plaintiff was looking at the other person, her foot was caught on the raised slab of sidewalk and she fell onto the right side of her body, hitting her head on the ground. Plaintiff telephoned her husband who transported her to the hospital. As a result of her fall, plaintiff broke her right arm, which required surgery and six weeks of physical therapy.[1] As a result of her injuries, plaintiff filed suit against defendant. Photographs of the sidewalk taken by plaintiff's

---

[1] Plaintiff also sustained a large black eye and minor scratches.

husband following the fall show the sidewalk had a raised portion about the height of a regular sized can of Coca-Cola, roughly 5 inches.[2]

On January 3, 2019, defendant filed a motion for summary disposition under MCR 2.116(C)(7), (8), and (10). Defendant argued, in relevant part, that it was entitled to summary disposition because the uneven sidewalk was open and obvious and no special aspects existed. Plaintiff argued in response that the open and obvious doctrine was not an applicable defense to defendant's statutory duty to maintain the sidewalk. The trial court granted summary disposition and this appeal ensued.

## II. ANALYSIS

On appeal, plaintiff presents two questions. First plaintiff contends that the trial court erred by dismissing her claim because although the sidewalk condition was admittedly open and obvious, the sidewalk condition was unreasonably dangerous because it posed a high likelihood of harm or severity of farm for pedestrians.

This Court reviews a trial court's ruling on a summary disposition motion de novo. *Bennett v Russell*, 322 Mich App 638, 642; 913 NW2d 364 (2018). This court also reviews questions of statutory interpretation involving the application of governmental immunity de novo. *Jones v Bitner*, 300 Mich App 65, 71-72; 832 NW2d 426 (2013). "Summary disposition under MCR 2.116(C)(7) is appropriate when a claim is barred by immunity granted by law." *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 433; 824 NW2d 318 (2012). "In determining whether summary disposition under MCR 2.116(C)(7) is appropriate, a court considers all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Garrett v Washington*, 314 Mich App 436, 441; 886 NW2d 762 (2016) (quotation marks and citations omitted). "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred [under MCR 2.116(C)(7)] is an issue of law for the court." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010).

"A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). When considering a motion under MCR 2.116(C)(8), "a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id*. The trial court went beyond the pleadings when considering defendant's motion for summary disposition. Therefore, the trial court did not grant defendant's motion for summary disposition under MCR 2.116(C)(8).

"A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim." *El-Khalil*, 504 Mich at 160. "A motion brought under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (citation and quotation

---

[2] In her brief on appeal, plaintiff uses the language from MCL 691.1402a(3)(b), referring to the uneven portion of the sidewalk as a "vertical discontinuity defect."

marks omitted). In making a decision on a motion for summary disposition under MCR 2.116(C)(10), the trial court considers "the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . ." *Bennett*, 322 Mich App at 642 (citation and quotation marks omitted). When reviewing a motion under MCR 2.116(C)(10), this Court considers "[t]he relative strength of the evidence offered by plaintiff and defendants . . . ." *El-Khalil*, 504 Mich at 162.

Plaintiff first argues that the trial court erred by granting defendant's motion for summary disposition because the sidewalk was unreasonably dangerous.

In order to properly examine plaintiff's argument, we must begin with a discussion of the governmental tort liability act, (the GTLA). The GTLA, MCL 691.1401 *et seq*., provides governmental agencies with immunity from tort liability if the agency was engaged in the exercise of discharge of a governmental function, unless an exception applies. MCL 691.1407(1); *Johnson-McIntosh v Detroit*, 266 Mich App 318, 322; 701 NW2d 179 (2005). MCL 691.1402a governs the maintenance of sidewalks and allows a plaintiff to sue a municipal corporation under some circumstances when the municipal corporation fails to maintain a sidewalk, and states:

(1) A municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair.

(2) A municipal corporation is not liable for breach of a duty to maintain a sidewalk unless the plaintiff proves that at least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk.

(3) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) is presumed to have maintained the sidewalk in reasonable repair. This presumption may only be rebutted by evidence of facts showing that a proximate cause of the injury was 1 or both of the following:

(a) A vertical discontinuity defect of 2 inches or more in the sidewalk.

(b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity.

(4) Whether a presumption under subjection (3) has been rebutted is a question of law for the court.

(5) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) may assert, in addition to any other defense available to it, any defense available under the common law with respect to a premises liability claim, including, but not limited to, a defense that the condition was open and obvious.

(6) A municipal corporation's liability under subsection (1) is limited by section 81131 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.91131.

A municipal corporation includes a city, village, or township. MCL 691.1401(d). Accordingly, MCL 691.1402a(5) expressly permits a municipal corporation, in a civil action, to assert the common law defense that the complained of condition was open and obvious. See *Buhl v Oak Park*, 329 Mich App 486, 497; 942 NW2d 667 (2019). Therefore, defendant, as a municipal corporation, may assert the open and obvious doctrine as a defense to its duty to maintain the sidewalks in reasonable repair.

Here, plaintiff contends that because the slab of sidewalk was raised approximately 5 inches, the defect created a high likelihood of harm.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Buhalis v Trinity Continuing Care Services*, 296 Mich App 685, 693; 822 NW2d 254 (2012) (citation and quotation marks omitted). As previously stated, a municipal corporation has a duty to maintain the sidewalk in reasonable repair. MCL 691.1402a(1). Generally, however, there is no duty to protect a plaintiff from dangerous conditions that are open and obvious, unless "special aspects" exist that make the open and obvious condition "unreasonable." *Hoffner v Lanctoe*, 492 Mich 450, 460-461; 821 NW2d 88 (2012).

"A condition is open and obvious when an average person of ordinary intelligence would discover the danger and risk it presented on casual inspection." *Buhl*, 329 Mich App at 687. Whether a condition is open and obvious is an objective consideration. *Price v Kroger Co*, 284 Mich App 496, 501; 773 NW2d 739 (2009). Our Supreme Court "has discussed two instances in which the special aspects of an open and obvious hazard could give rise to liability: when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*. *In either circumstance*, such dangers are those that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided and thus must be differentiated from those risks posed by ordinary conditions or typical open and obvious hazards." *Hoffner*, 492 Mich at 463.

Michigan courts have described uneven pavement as an "everyday occurrence" that constitutes an open and obvious condition unless unique circumstances surround the area in issue and render the uneven pavement unreasonably dangerous. See, *Weakley v Dearborn Heights*, 240 Mich App 382, 385; 612 NW2d 428 (2000), reh gtd on other grounds 463 Mich 980 (2001). For example, a unique circumstance which could render a condition unreasonably dangerous because of the risk of injury which it presents is a 30-foot pit in the middle of a parking lot. *Lugo v Ameritech Corp*, 464 Mich 512, 518; 629 NW2d 384 (2001). However, here, the trial court was tasked with deciding whether with a 5-inch raised slab of sidewalk was unreasonably dangerous because it carries a risk of severe injury. Review of the record evidence established that the risk presented by the raised slab of sidewalk was the risk of falling a short distance to the ground. On this record we cannot conclude that the sidewalk posed an unreasonable risk of harm as that term of art has been decided in our case law. See, *Weakley*, 240 Mich App at 386-387. Therefore, the trial court properly granted defendant's motion for summary disposition as there was no genuine

issue of material fact that the uneven sidewalk was unreasonably dangerous. *Lugo*, 464 Mich at 518. Rather than the 30-foot open pit conjured up by our Supreme Court in *Lugo*, here, the record reveals that the sidewalk presented a typical hazard that is commonly confronted.

Next, plaintiff argues that the trial court erred because its holding is tantamount to a negation of the duty to maintain public sidewalks in in a condition safe for public travel. Here, plaintiff makes a forceful argument as to the unfairness in the increased use by Michigan courts of the open and obvious defense. Plaintiff maintains that this Court should not apply the open and obvious defense here merely because it is allowed to under MCL 691.1402a, but encourages this Court to engage in a preliminary examination as to whether the defense should be applied in a matter similar to *Lugo*.

The substance of plaintiff's arguments here addresses the fairness of applying the open and obvious defense to a municipal corporation who---arguably---also has a duty to maintain the sidewalk in reasonable repair. According to plaintiff, if we allow municipal corporations to assert the open and obvious defense, those governmental entities will have no incentive to maintain sidewalks in a reasonably safe manner. Such a result is, according to plaintiff, intrinsically unfair.

However, appellate courts wading into the waters of the "fairness" of statutory language is no longer in vogue. We are bound by prior precedents which held that whether a statute is fair is not a proper consideration for this Court. *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 650; 662 NW2d 424 (2003). Rather, "it is for the Legislature, not this Court, to address the policymaking considerations that are inherent in statutory lawmaking." *Brickey v McCarver*, 323 Mich App 639, 647; 919 NW2d 412 (2018). As noted by the trial court, today's judges are bound to follow this creed: "where the language of a statue is clear, it is not the role of the judiciary to second-guess a legislative policy choice; a court's constitutional obligation is to interpret, not rewrite, the law." *Ambs*, 255 Mich App at 650.

Affirmed. Defendant having prevailed in full may tax costs. MCR 7.219(A).

/s/ Brock A. Swartzel
/s/ Stephen L. Borrello