*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RENEE PINSKY and DAVID PINSKY,

Plaintiffs-Appellees,

v

KROGER CO. OF MICHIGAN,

Defendant-Appellant.

UNPUBLISHED
May 27, 2021

No.   351025
Washtenaw Circuit Court
LC No.   19-000208-NO

Before:  CAMERON, P.J., and BORRELLO and REDFORD, JJ.

PER CURIAM.

Defendant, Kroger Co. of Michigan, appeals by leave granted[1] the trial court's order denying its motion for summary disposition pursuant to MCR 2116(C)(10) (no genuine issue of material fact).  We reverse and remand for further proceedings consistent with this opinion.

## I.  FACTUAL BACKGROUND

This case arises from plaintiff Renee Pinsky's injuries after tripping over a cable in defendant's store.  Renee testified that after shopping she checked out with a cashier and then, after noticing that the bag of flour she purchased had a tear, she set aside her shopping cart and decided to walk through the adjacent checkout lane back into the store to get a replacement item. She testified that she saw a shopping cart in the checkout lane holding baby formula and chose to walk to the side of it.  As she walked past the shopping cart, she suddenly fell to the floor.  Renee realized the presence of a cable under her ankles that caused her to trip.  An employee had just minutes before strung that cable from one side of the closed checkout lane through the shopping cart's basket in the middle of the checkout lane to the other side of the checkout lane.  Renee suffered a fractured arm, among other injuries, as a result of her fall, and she had a mark just below her knee from where her leg hit the cable.  At her deposition, Renee testified regarding photographs

---

[1] *Pinsky v Kroger Co of Mich*, unpublished order of the Court of Appeals, entered February 11, 2020 (Docket No. 351025).

that her husband David Pinsky took at the scene just after the incident. She admitted that she could see the cable depicted in the photos.

Renee and David sued defendant for negligence for placing the cable that caused Renee to trip and sustain injuries. Defendant moved for summary disposition on the ground that the cable had been an open and obvious condition. The trial court found that genuine issues of material fact existed regarding whether the cable was open and obvious and unreasonably dangerous and denied defendant's motion for summary disposition. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision whether to grant a motion for summary disposition. See *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). A motion made under MCR 2.116(C)(10) tests the factual sufficiency of the complaint, and the moving party is entitled to judgment as a matter of law if the proffered evidence fails to establish a genuine issue of material fact. *Id*. We consider "the substantively admissible evidence actually proffered in opposition to the motion," in the light most favorable to the nonmoving party. *Maiden v Rozwood*, 461 Mich 109, 120, 121; 597 NW2d 817 (1999). Our review is "limited to the evidence that had been presented to the [trial] court at the time the motion was decided." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009). The trial court's "task is to review the record evidence, and all reasonable inferences therefrom, and decide whether a genuine issue of any material fact exists to warrant a trial." *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). If the moving party properly asserts and supports its motion for summary disposition, the "burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Quinto v Cross and Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003) (citation omitted).

## III. ANALYSIS

Defendant first argues that the trial court erred by finding that a genuine issue of material fact existed regarding whether the wire was an open and obvious danger. We agree.

The parties do not dispute Renee's status as an invitee. A premises possessor generally owes a duty to use reasonable care to protect invitees "from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001) (citation omitted). However, this duty does not extend to open and obvious dangers, unless special aspects of the condition make the risk unreasonably dangerous. *Id*. at 517. If special aspects cause the danger to be unreasonably dangerous notwithstanding the open and obvious nature, the possessor must take reasonable steps to protect invitees from harm. *Id*. "Special aspects exist when an open and obvious hazard remains unreasonably dangerous or when it is effectively unavoidable." *Wilson v BRK, Inc*, 328 Mich App 505, 513; 938 NW2d 761 (2019).

A premises possessor generally has no duty to remove open and obvious dangers. *Lugo*, 464 Mich at 516. The open and obvious doctrine is predicated on the strong public policy that people should take reasonable care for their own safety and precludes the imposition of a duty

upon a premises possessor to take extraordinary measures to keep people safe from reasonably anticipated risks. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693-694; 822 NW2d 254 (2012). The premises possessor, therefore, does not owe a duty to protect from, or warn of, dangers that are open and obvious because "such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Hoffner*, 492 Mich at 461. A premises possessor is not an absolute insurer of safety of an invitee.

The open and obvious danger doctrine is not an exception to the possessor's general duty to an invitee, but is instead "an integral part of the definition of that duty." *Lugo*, 464 Mich at 516. The application of the open and obvious doctrine is part of the question of duty which is a question of law for the trial court to decide. *Buhalis*, 296 Mich App at 693. "[W]here the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Riddle v McLouth Steel Prods Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). To determine whether a danger is open and obvious, the test is whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993). The question is whether the hazard was observable to the average, casual observer, rather than whether a specific plaintiff could or should have discovered it. *Id*. The test is an objective one that requires consideration whether a reasonable person in the same position would foresee the danger, rather than whether the particular plaintiff knew that the condition was hazardous. *Hughes v PMG Bldg, Inc*, 227 Mich App 1, 11; 574 NW2d 691 (1997). To survive a defendant's motion for summary disposition, plaintiffs must establish that the condition was not open and obvious to the casual observer by providing "sufficient evidence to create a genuine issue of material fact that an ordinary user upon casual inspection could not have discovered" the condition. See *Novotney (On Remand)*, 198 Mich App at 475. A defendant cannot be held liable where the plaintiff's only basis for negating the open and obvious nature of a defect is that the plaintiff did not notice the defect. See *Weakley v Dearborn Hts*, 240 Mich App 382, 386; 612 NW2d 428 (2000).

In this case, the evidence established that the cable over which Renee tripped constituted an open and obvious danger. See *Lugo*, 464 Mich at 517. Although Renee testified that she did not see the cable before she fell, the appropriate standard is not whether she saw the hazard, but rather whether an average person in the position would have been able to do so. See *Novotney (On Remand)*, 198 Mich App at 476-477. Renee specifically testified at her deposition that she had been "looking ahead into the store," rather than looking at the pathway in front of her. She admitted that she saw the two-tier shopping cart in the middle of the aisle and did not recall anything obstructing her view. No evidence established that the lighting had been insufficient or that anything obstructed Renee's view of the cable that ran across the checkout lane securing the shopping cart in place. See *Price v Kroger Co of Mich*, 284 Mich App 496, 498, 502; 773 NW2d 739 (2009). She admitted at her deposition that the photos of the incident scene taken by David right after she fell clearly depicted the cable that caused her fall.

The evidence presented by defendant in this case indicated that an average person in the same situation could have seen the cable upon casual inspection. See *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 713-714; 737 NW2d 179 (2007). Plaintiffs proffered no evidence that established that an ordinary person of average intelligence would not have been able

to see the cable upon casual inspection. The evidence indicates that Renee would not have been injured had she been looking at her path through the checkout lane and observed the open and obvious cable. See *Bertrand v Alan Ford, Inc*, 449 Mich 606, 621; 537 NW2d 185 (1995); *Millikin v Walton Manor Mobile Home Park, Inc*, 234 Mich App 490, 497-498; 595 NW2d 152 (1999). Moreover, the height of the wire alone is not dispositive of whether the hazard was open and obvious because even floor-level hazards can be open and obvious, and therefore, a cable at knee level is not too low to be open and obvious. See *Kennedy*, 274 Mich App at 713, 722.

Our Supreme Court explained in *Bertrand*, 449 Mich at 611, that if a condition "creates a risk of harm *only* because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger." Renee testified at her deposition that she saw the shopping cart while looking beyond it into the store, chose to walk past the cart, and proceeded past it. Although she did not see the cable at the time, she testified that she could see the cable in photographs taken after her accident. Based upon the evidence presented to the trial court, an average person of ordinary intelligence would have been able to see upon casual inspection the cable that extended across the closed checkout lane. See *Kennedy*, 274 Mich App at 716. The hazard, therefore, was open and obvious. See *Lugo*, 464 Mich at 517. Therefore, defendant was entitled to summary disposition as a matter of law.

Defendant argues next that the trial court erred when it found that a genuine issue of material fact existed about whether the condition was unreasonably dangerous. We agree.

To determine whether a hazard posed an unreasonable risk of harm despite being open and obvious, a trial court must consider whether special aspects exist, including if the condition was unavoidable or if it was unreasonably dangerous. *Hoffner*, 492 Mich at 463. This determination is based on the nature of the condition rather than the degree of care the invitee used. *Lugo*, 464 Mich at 523-524. The "critical question is whether there is evidence that creates a genuine issue of material fact regarding whether there are truly 'special aspects' of the open and obvious condition that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm." *Id*. at 517. A condition is unreasonably dangerous if it posed "a substantial risk of death or severe injury." *Id*. at 518.

In this case, the evidence does not present a genuine issue of material fact that any special aspects existed to impose a duty on defendant to protect Renee from the open and obvious condition. See *Hoffner*, 492 Mich at 463. Evidence established that the cable was neither unavoidable nor posed an unreasonable risk of severe harm. See *Lugo*, 464 Mich at 517. The evidence also indicated that nothing unreasonably dangerous about the visible cable across the closed checkout lane existed that made the condition unreasonably dangerous or unavoidable warranting the imposition of liability. See *id*. at 521-523. A checkout lane closed by a cable is an everyday occurrence that a reasonably prudent person would be expected to see and avoid by choosing an alternative route. See *id*. Additionally, the record does not support a finding that the cable posed an unreasonable risk of severe harm. See *id*. See also *Millikin*, 234 Mich App at 499. Even if it did, that alone does not constitute a special aspect warranting imposition of liability upon defendant for the open and obvious condition. See *Corey v Davenport College of Business (On Remand)*, 251 Mich App 1, 7, 9; 649 NW2d 392 (2002). Because the cable did not pose an

unreasonable risk of harm, defendant was entitled to summary disposition. See *Hoffner*, 492 Mich at 463.

We reverse and remand for entry of an order granting defendant summary disposition. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ James Robert Redford