*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF ALDO H. GRILLI, by Personal
Representative DAVID A. GRILLI,

        Plaintiff-Appellee,

v

MON JIN LAU, INC.,

        Defendant-Appellant.

UNPUBLISHED
January 27, 2022

No. 355398
Oakland Circuit Court
LC No. 2019-177655-NO

Before: GLEICHER, C.J., and BORRELLO and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this premises liability action, defendant, Mon Jin Lau, Inc., appeals by leave granted[1] the trial court's denial of its motions for summary disposition under MCR 2.116(C)(10), and motion for reconsideration. The decedent, Aldo Grilli, tripped over an uneven patch of asphalt that defendant had applied to repair a portion of sidewalk in front of the only public entrance to its restaurant. At issue is whether the patch is open and obvious, and if so, whether it has any "special aspects." We reverse and remand for entry of summary disposition in favor of defendant.

## I. BACKGROUND

The facts in this case are undisputed. The decedent and his son, plaintiff[2] David Grilli, visited defendant's restaurant. Slightly more than a year previously, defendant had applied an asphalt patch to an area in front of the only entrance to its restaurant, for the purpose of filling a gap between concrete slabs on the sidewalk. As the photographs supplied by the parties[3] show,

---

[1] *Estate of Aldo H Grilli v Mon Jin Lau, Inc*, unpublished order of the Court of Appeals, entered February 4, 2021 (Docket No. 355398).

[2] David Grilli is the personal representative of the decedent's estate.

[3] We have not considered the color photographs or the video recording submitted by defendant because they had not been provided to the trial court by the time the motion for summary

the asphalt patch was a darker color than the surrounding concrete, and it was slightly raised by approximately half an inch. Plaintiff and the decedent were frequent patrons of defendant's restaurant, having dined there approximately "once every couple months" for approximately three years. Plaintiff conceded that "if [the patch] was there the whole time, then we walked over it every time we went." Although the decedent was 88 years old at the time of the incident, he was in good health, without any ambulatory issues, and did not use a cane or other assistive device. On the way out of the restaurant, plaintiff saw the decedent trip over the elevated patch of asphalt and fall. Plaintiff brought the decedent to the hospital where he died the next day because of a brain hemorrhage caused by the fall. Plaintiff brought this action against defendant as the personal representative of the decedent's estate.

Defendant moved for summary disposition, arguing the asphalt patch on the sidewalk was open and obvious as a matter of law, thereby relieving defendant of liability. The trial court denied defendant's motion for summary disposition, stating a reasonable jury could conclude the hazard was not open and obvious or was abnormally dangerous. Defendant's motion for reconsideration was also denied.

## II. STANDARDS OF REVIEW

"A trial court's grant or denial of summary disposition under MCR 2.116(C)(10) is reviewed de novo on appeal." *Liberty Mut Ins Co v Mich Catastrophic Claims Ass'n*, 248 Mich App 35, 40; 638 NW2d 155 (2001). "[t]his Court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, in a light most favorable to the party opposing the motion." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation marks and citation omitted). Summary disposition is appropriate when "there is no genuine issue regarding any material fact, and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. The interpretation and application of statutes, rules, and legal doctrines is reviewed de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

## III. APPLICABLE PRINCIPLES OF LAW

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Sanders*, 303 Mich App at 4 (quotation marks and citation omitted). Premises possessors owe different duties depending on whether the injured visitor is an invitee, licensee, or trespasser. *Id*. It is not disputed that the decedent was an invitee at the time of the fall. A premises possessor owes "a duty to use

---

disposition was decided. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009). Rather, we have relied only on the grayscale photographs submitted to the trial court before it decided the motion for summary disposition. We nevertheless take note that color versions of the photographs were shown to plaintiff at his deposition, whereupon he agreed that the asphalt patch "stands out in color from the rest of the cement."

reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). However, a premises possessor does not owe a duty to warn invitees of dangers that are open and obvious. *Id*. at 460-461. A condition is open and obvious if "an average user with ordinary intelligence acting under the same conditions would have been able to discover the danger and the risk presented by the condition upon casual inspection." *Blackwell v Franchi*, 318 Mich App 573, 576; 899 NW2d 415 (2017) (quotation marks and citation omitted).

Whether a condition is open and obvious is an objective standard and calls for "an examination of the objective nature of the condition of the premises at issue." *Hoffner*, 492 Mich at 461 (quotation marks and citation omitted). It is not relevant whether the injured person actually noticed the dangerous condition, or whether the condition could have been made more open and obvious. *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 474-475; 499 NW2d 379 (1993). Rather, [t]he question is: [w]ould an average user with ordinary intelligence have been able to discover the danger and the risk presented upon casual inspection?" *Id*. at 475. The objective nature of the condition itself is determinative of whether the danger is open and obvious, not the level of care used by the invitee. *Lugo v Ameritech Corp,* 464 Mich 512, 523-524; 629 NW2d 384 (2001). "[A]n obvious danger is no danger to a reasonably careful person." *Novotney*, 198 Mich App at 474.

Even if a condition is open and obvious, there may be certain special aspects that could render a condition unreasonably dangerous, which is an exception to the open and obvious doctrine. *Wilson v BRK, Inc*, 328 Mich App 505, 513; 938 NW2d 761 (2019). As our Supreme Court explained:

> [T]he general rule is that a premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk. [*Lugo*, 464 Mich at 517.]

Generally, uneven pavement is an example of an open and obvious condition, unless there are unique characteristics that make the area unreasonably dangerous. *Weakley v Dearborn Hts*, 240 Mich App 382, 385; 612 NW2d 428 (2000). "[O]nly those special aspects that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine." *Lugo*, 464 Mich at 519.

## IV. BINDING PRECEDENT

As an initial matter, plaintiff urges us to revisit how the doctrine of openness and obviousness is applied in Michigan, citing principles of fairness and a supposed misinterpretation of 2 Restatement of Torts, 2d. For purposes of issue preservation, we recognize that plaintiff has made this argument. However, we are bound by precedent from our Supreme Court. *Pellegrino v AMPCO Sys Parking*, 486 Mich 330, 352-354; 785 NW2d 45 (2010). Even if we believed the Supreme Court had erred and that it was poised to correct that error, we would remain obligated to follow our Supreme Court's precedent until such time as our Supreme Court actually makes that correction. *Paige v Sterling Hts*, 476 Mich 495, 524; 720 NW2d 219 (2006). Finally, as an

intermediate-level appellate court, it would not be appropriate for us to effectuate a sweeping change to the law, in any event. *Teel v Meredeth*, 284 Mich App 660, 666; 774 NW2d 527 (2009). Any relief on this basis must come from our Supreme Court, not from us.

## V.  OPEN AND OBVIOUS

Defendant argues that the condition of the asphalt-patched sidewalk in front of the restaurant was open and obvious as a matter of law.  We agree.  The photographs provided by the parties are unambiguous and clearly show that the asphalt patch was a different color and texture from the surrounding area.  The photographs also clearly show the patch was slightly elevated. Although plaintiff contended that the patch was less obvious in person than it was in the photographs, he nevertheless conceded that the pictures were fair and accurate representations of the condition on the day of the incident.  As discussed, whether the decedent was using reasonable care at the time or had any actual knowledge of the patch is not relevant.  Even presuming the photographs make the patch more readily apparent than the patch would be in person, they still demonstrate it is "reasonable to expect that the invitee would discover the danger[.]" *Novotney*, 198 Mich App at 475.  The trial court erred in finding that a genuine issue of material fact existed regarding the open and obvious nature of the condition.

## VI.  SPECIAL ASPECTS

Plaintiff argues that even if this Court determines the asphalt patch was open and obvious, it should still affirm because the trial court properly concluded there was a question of fact whether the dangerous condition on the land had special aspects.  We disagree.

As noted, the photographs show that the height of the raised asphalt patch was, at the most, approximately half an inch.  Clearly, that is enough to be a potential trip hazard.  However, it falls far short of the "unguarded thirty foot deep pit [sic] in the middle of a parking lot" our Supreme Court cited as an example of an unreasonably dangerous condition.  *Lugo*, 464 Mich at 518. Importantly, for a hazard to rise to the level of a "special aspect," it must be "not just a dangerous hazard, but one that is unreasonably so." *Hoffner*, 492 Mich at 455-456.  "And it must be more than theoretically or retrospectively dangerous." *Id*. at 456.  Although a grave tragedy occurred, we are not persuaded that the asphalt patch was *unreasonably* dangerous.

Plaintiff argues that the asphalt patch was effectively unavoidable.  "The standard for 'effective unavoidability' is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard." *Hoffner*, 492 Mich at 469 (emphases in original).  Because the standard is objective, we are not inclined to weigh heavily the fact that the decedent had apparently traversed the patch without incident on numerous prior occasions.  Conversely, a hazard is not effectively unavoidable if it can be avoided by the simple expedient of choosing not to patronize a business. *Est of Livings v Sage's Investment Group, LLC*, ___ Mich ___, ___; ___ NW2d ___ (2021) (Docket No. 159692), slip op at pp 7-8.  Critically, a hazard is not effectively unavoidable if an alternative path is available. *Id*. at ___, slip op at p 15.  Clearly, if an alternative path is technically available but impractical, a hazard may still be effectively unavoidable. See *Hoffner*, 492 Mich at 469.  However, the hazard will not be effectively unavoidable if the alternative path is merely inconvenient. See *Joyce v Rubin*, 249 Mich App 231, 242-243; 642 NW2d 360 (2002). The photographs unambiguously show that although the asphalt patch was long, it did not span the

entire length of the sidewalk. Rather, there is ample room to walk around the patch between the entrance of the restaurant and the parking lot. Because an alternative path is clearly available, the asphalt patch is not effectively unavoidable.

The trial court erred in finding questions of fact, and it erred in denying defendant's motion for summary disposition. We therefore need not consider defendant's alternative argument that the trial court erred in denying its motion for reconsideration.

Reversed and remanded for entry of summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause